EDWARD WHITEHEAD v. WILLIAM N. BURGESS.

1. Where an action is founded upon a contract which at common law is valid without writing, but which the statute of frauds requires to be in writing, the declaration need not count upon or take notice of the writing.
2. An action may be maintained on a promise made by defendant to a third person for the benefit of the plaintiff, and the fact that the person to whose benefit the promise may enure is uncertain at the time it is made, and that it is dependent on a contingency, will not deprive the person, who afterwards establishes his claim to be the beneficiary of the promise, of the right to recover upon it.
3. A promise to A, on sufficient consideration, to pay to the owner of the foal of the mare of A, by the stallion of the promisor, a certain sum of money if such foal is the first of the get of such stallion that trots a mile in two minutes and thirty seconds, is a valid undertaking, and is not prohibited by our statutes against the offering of purses for running, pacing or trotting.

On demurrer.

Argued at June Term, 1897, before MAGIE, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and GUMMERE.

For the plaintiff, *Howard McSherry* and *Theodore B. Booraem.*

For the defendant, *Paul A. Queen.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The first count of the declaration sets out that the defendant, being the owner of a stallion known as "Lynne Bel," published a certain circular in which he offered the services of the said stallion for the sum of $100, and therein promised to pay the owner of the first one of the foals of said stallion that should trot a mile in two minutes and thirty seconds or less the sum of $750.   The declaration further sets out that one Pursell, being the owner of a mare called "Eva" bred the said mare to said stallion, and paid

the said defendant the sum of $100 for the privilege of so doing. That the said defendant, in consideration of such payment, promised the said Pursell to pay the owner of the foal of the said mare the sum of $750, if such foal should prove to be the first one of the get of said stallion that should trot a mile in two minutes and thirty seconds. That the plaintiff, having knowledge of the said promise made to said Pursell, did purchase the foal of the said mare, "Eva," by the said stallion, and while the said foal was owned by the plaintiff, the said foal trotted a mile in less than two minutes and thirty seconds, and was the first one of the get of said stallion to make the said time.

The second count is substantially like the first count, except that it avers that at the time the service-money was paid, the defendant repeated to said Pursell the promise and undertaking in said circular set forth.

A separate demurrer is filed to each count of the declaration.

The first ground of demurrer relied upon by the defendant is that the contract is within the statute of frauds and must be in writing, and that it must appear affirmatively in the declaration that the contract was in writing and signed by the party to be charged.

In this contention the defendant's counsel has misconceived the rule of pleading.

Where an action is founded upon a contract which at common law is valid without writing, but which the statute requires to be in writing, the declaration need not count upon or take notice of the writing.

If an action is brought upon a promise to pay the debt of another, the declaration need not aver that the promise is in writing, even if such be the fact.

The reason is that the statute of frauds merely introduces a new rule of evidence but does not alter or affect the rule of pleading.

As long ago as the time of Lord Holt that was declared to be the rule. 2 *Salk.* 519.

The rule is stated in the same way in the note to *Duppa* v. *Mayo*, 1 *Saund.* 276, and has been accepted as the correct rule ever since the time of Saunders. *Elting* v. *Vanderlyn*, 4 *Johns.* 237 ; *Gould Pl.* 191.

The declaration in this respect is not faulty. It alleges a promise which at common law would be good by parol, and whether it was made in such form that it is good under the statute of frauds is a question which will arise on the trial.

A further reason to support the demurrer is that the promise, as alleged, was made to Pursell and that there is no privity of contract between the plaintiff and defendant.

The law of this state is that an action may be maintained on a promise made by the defendant to a third person, for the benefit of the plaintiff, without any consideration moving from the plaintiff to the defendant. *Joslin* v. *New Jersey Car Spring Co.*, 7 *Vroom* 141.

The fact that the person to whose benefit the promise may enure is uncertain at the time it is made, and that it cannot be known until the happening of a contingency, cannot deprive the person who afterwards establishes his claim to be the beneficiary of the promise of the right to recover upon it.

In the familiar case of a promise to give a reward for the arrest and conviction of a criminal, the right of the person who secures such conviction to recover the reward is well settled. *Sergeant* v. *Stryker*, 1 *Harr.* 465 ; *Furman* v. *Parke*, 1 *Zab.* 310.

The remaining reason to be considered is that the alleged contract is illegal and against public policy and prohibited by *Gen. Stat.*, p. 1091, § 226, by which it is enacted " that no person shall make up any purse, plate or other thing for any running, pacing or trotting of any horses, mares or geldings, or contribute or collect, or ask any other person to contribute or collect, any money, goods or chattels to make up any purse, plate or other thing to be run, paced or trotted for by any horse, mare or gelding at any place in this state except when authorized by an agricultural fair," &c., " shall be deemed guilty of a misdemeanor," &c.

Also by section 222, page 1090: "That if any person not authorized by an agricultural society or incorporated body of this state shall be concerned in making up any purse for any running, pacing or trotting of any horse or horses, mares or geldings, such person shall be deemed guilty of a misdemeanor," &c.

The point made is that the object of this legislation is to prohibit all persons in this state not within the exceptions stated in the statutes from offering any reward for the trotting and pacing of horses.

There is nothing in the declaration which by expression or by implication shows that the defendant undertook or assumed any obligation to provide an opportunity for the trials of speed. The time mark might lawfully be secured at an agricultural fair or out of the state, as in this case.

The defendant was not under any duty to aid the owner of the foal, and was under no obligation to pay the promised sum until the condition was performed.

An intention to violate the criminal law cannot be imputed to either party to this contract.

The demurrer must be overruled, with costs.