ELLISON ELMER v. ALFRED F. LOPER.

Submitted December 8, 1900—Decided February 25, 1901.

1. A drew an order upon B directing him to pay to C the sum of $250 in merchandise. B accepted the order while it was still in the hands of A, and the latter subsequently delivered it to C, receiving from him the sum of $250 in cash therefor. *Held*, that the payment by C to A of $250 upon his receiving the accepted order, was a sufficient consideration to support B's contract of acceptance; and that C could maintain an action against B for the latter's refusal to deliver the merchandise called for by the order accepted by him.

2. A promise which has been induced by fraud, and which has no consideration to support it may be treated as a nullity by the party making it.

On error to the Cumberland Circuit Court.

Before Depue, Chief Justice, and Justices Dixon, Gummere and Collins.

For the plaintiff in error, *Charles E. Sheppard* and *John S. Mitchell.*

For the defendant in error, *Walter H. Bacon.*

The opinion of the court was delivered by

Gummere, J.   This action was brought upon an order, accepted by the defendant, which reads as follows:

"Bridgeton, N. J., February 3d, 1894.
*"Mr. A. F. Loper:*

"Pay to Ellison Elmer Two Hundred and fifty Dollars in Building material, Mill work at market price.
                    (Signed)        "James Edwards.
    (Endorsed)        "A. F. Loper, accepted."

At the trial of the cause it was proved, on the part of the

plaintiff, that, upon the day of the date of the order, it was delivered by Edwards, the drawer, to him, with the acceptance of the defendant upon it, and that plaintiff, at the time of its delivery to him, paid Edwards $250 in cash upon it. It was further shown that, at the time of this transaction, Edwards was engaged in the building of a house for plaintiff, and that it was then agreed between them that plaintiff should hold the order until the completion of the house, and the payment by Edwards of all bills for labor and materials used in its construction, and should then deliver up the order to Edwards. The proofs further showed that subsequently, in July, 1894, the building was completed, and a settlement thereupon had between Edwards and the plaintiff, at which, upon a representation by the former that the terms of the building contract had been fully complied with and that all bills had been paid by him, the plaintiff agreed to surrender the order in suit to Edwards. He did not do so, however, owing to the fact that he had mislaid it. Plaintiff further showed that, some time after this settlement was had, he discovered that the representations made to him were false; that certain work called for by the building contract remained unfinished, and that there were bills for materials furnished for the building which were outstanding and unpaid, and that he thereupon completed the unfinished work upon the house and paid the outstanding bills, expending upon these accounts $250.70. It was also shown that plaintiff, after making these expenditures, called upon the defendant to furnish to him the building material specified in the order sued upon, and that his demand was refused.

Upon these facts being submitted the trial judge directed a nonsuit. This ruling appears to have been based upon two grounds—*first,* that the acceptance of the order by the defendant created no legal obligation on his part for want of a consideration to support it; and *second,* that, by virtue of the agreement of the plaintiff with Edwards, made at the time of their settlement, to surrender the order to him, the defendant was discharged from further liability upon it.

We think it clear that the nonsuit cannot be supported

upon the first ground. Although the instrument in suit is not a bill of exchange, and the plaintiff was bound to prove, affirmatively, the consideration for the defendant's promise in order to establish his right to recover, he did this before resting his case. A consideration to support a promise need not be a benefit to the promisor; any loss or disadvantage to the person to whom, or for whose benefit, the promise is made affords a sufficient consideration to support it. And this is the situation disclosed by the plaintiff's proofs. He established the defendant's liability by showing that he (the plaintiff) was induced by the defendant's acceptance to part with the $250 to Edwards.

It was upon this ground, viz., loss or disadvantage to the party for whose benefit the promise was made, that the acceptor of an order, similar to that now before us, was held to be liable in an action brought against him by the drawee, in the case of *Walker* v. *Sherman,* 11 *Metc.* 170. In that case the plaintiff offered to prove, among other things, that the drawers of the order were indebted to him, at the time the order was drawn, and that it was given to him in payment of the debt. His offer was overruled, and for this reason there was a reversal of the judgment of the lower court. The Appellate Court, commenting upon the effect of this testimony, says: "If this was so, then the plaintiff's claim against C. & Co. (the drawers) was thereby discharged, and the plaintiff could maintain no action except upon the order. This would be a damage to the plaintiff, for he could not sue C. & Co. upon the order until he had demanded of the defendant the goods ordered to be delivered, and given notice of his refusal to C. & Co. This, undoubtedly, would be a good consideration."

The view expressed in this case appears to be disregarded, or at least much modified, in the later case of *Rogers* v. *Union Stone Co.,* 130 *Mass.* 581, which holds that, where there is no consideration passing *between the acceptor of such an order and the payee thereof,* the acceptance does not render the acceptor liable to the payee when such acceptance is made while the order is still in the hands of the drawer. The

ground upon which this decision is put, in the opinion, makes it plain, however, that it has no value as a precedent in enabling this court to reach a conclusion in the present case. The opinion states that the decision rests upon "the rule, laid down in numerous decisions in our reports, 'that a person who is not a party to a simple contract, and from whom no consideration moves, cannot sue on the contract, and consequently that a promise made by one person to another for the benefit of a third person, who is a stranger to the consideration, will not support an action by the latter'" (*at p.* 583 of opinion). In this state the rule is otherwise, and it is entirely settled that an action may be maintained on a promise, not under seal, made by the defendant to a third person for the benefit of the plaintiff without any consideration moving from the plaintiff to the defendant. *Joslin* v. *New Jersey Car Spring Co.,* 7 *Vroom* 141; *Crowell* v. *Currier,* 12 *C. E. Gr.* 152; *Price* v. *Trusdell,* 1 *Stew. Eq.* 200; *Cubberly* v. *Cubberly,* 6 *Id.* 82; *Whitehead* v. *Burgess,* 32 *Vroom* 75.

The second ground upon which the nonsuit was ordered is equally untenable. The agreement of the plaintiff to surrender the order was induced by fraud. It was never executed, and the consideration for it, namely, the completion of the house by Edwards in accordance with the terms of the building contract and the payment by him of all bills for materials used in the house, had entirely failed. The plaintiff, therefore, rightly treated his contract to surrender as a nullity, and the order accepted by the defendant as a valid and existing obligation.

The judgment of nonsuit should be reversed.