STELLA SUDOL, BY HER NEXT FRIEND JOHN SUDOL, AND JOHN SUDOL, INDIVIDUALLY, v. MAX GURTMAN AND IDA GURTMAN.

Argued May term, 1927—Decided October 5, 1927.

**Negligence—Injury to Girl by Fall of a Contractor's Ladder on a Sidewalk Which was Being Used in Making Repairs— Held, That There was Evidence of Negligence Sufficient to Let Case go to Jury.**

On appeal from the Passaic District Court.

Before Justices PARKER, MINTURN and CAMPBELL.

For the defendants-appellants, *Gurtman & Walker* (*Nicholas O. Beery,* of counsel).

For the plaintiffs-appellees, *Feder & Rinzler.*

Per Curiam.

The case was tried by the court without a jury, and judgment was rendered for the plaintiff infant for $350 against both defendants.

The action was brought to recover for personal injuries sustained by a fifteen-year-old girl in being struck by a leader pipe which fell from a building, as she was walking on the sidewalk. No damages were shown as to the father, and the judgment entered does not include him in the damages awarded.

The building from which the leader fell was a one-story structure adjacent to a three-story building, and was being erected by L. & G. Building Company, as general contractors. The building company engaged the defendant Gurtman as sheet metal subcontractor to repair or replace the leader. The latter sent two workmen to perform the work, one of whom testified that within five minutes after they arrived at the building they unloaded the truck, placed a ladder to the roof of the one-story annex, five or six feet away from the leader, whereupon the witness started to ascend the ladder when the leader fell and struck the plaintiff. He also testified that the leader had been leaning against the building with only a piece of wood underneath to support it.

The defendant Gurtman, who did not witness the accident, testified that the leader on the three-story building was in part removed as the work progressed on the new building, and that a piece of the leader was temporarily placed against the new building presumably by workmen of L. & G. Building Company in order to carry rain from the walls of the new building.

The plaintiff's evidence was that at the time of the accident workman on the sidewalk called to a workman on the ladder, "Why don't you look out what you are doing?"

A workman on the sidewalk picked the girl up and gave her the address of the defendant Gurtman. The plaintiff's father testified that he called Gurtman on the phone and was informed by him that he would investigate the accident and report back; that in compliance with such promise Gurtman

called the father and advised him to give the child the best medical attention, and that he would pay the bill, and that he was insured against accidents. Gurtman denied ever calling the plaintiff's father on the phone.

The first point argued is that there was error in not granting a nonsuit in favor of each defendant. Under points two and three it is argued that the court erred in not directing a verdict in favor of each defendant. Under point four it is contended that the case is devoid of any evidence of negligence, which contention is substantially presented under the first point. Under points five and six it is urged that the verdict is against the evidence and is excessive, but this, manifestly, presents no proper basis for appeal.

Under point seven it is argued that the court erred in denying to defendant the opportunity to observe the scar on plaintiff's shoulder. That contention, however, is not pressed in the argument, and in any event the matter was discretionary with the court.

We think there was sufficient in the case to warrant the conclusion that both defendants were joint tort feasors and jointly liable. We also conclude that the falling of the leader under the circumstances cast the burden of proof upon the defendants to offer satisfactory proof in exculpation of their apparent negligence. *Sheridan* v. *Foley*, 58 *N. J. L.* 230.

Under the circumstances it was within the province of the court, sitting as a jury, to determine the facts, and the resulting liability.

The judgment will be affirmed.