WILLIAM LEVY *vs.* DANIELS' U-DRIVE AUTO RENTING COMPANY, INCORPORATED, ET AL.

First Judicial District, Hartford, May Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

334

Argued May 1st—decided September 28th, 1928.

*Josiah H. Peck* and *Jacob Schwolsky,* for the appellant (plaintiff).

*John C. Blackall,* with whom, on the brief, was *David R. Woodhouse,* for the appellee (defendant Daniels' U-Drive Auto Renting Company, Inc.).

WHEELER, C. J.   The complaint alleged these facts: The defendant, the Daniels' U-Drive Auto Renting Company, Incorporated, rented in Hartford to Sack an automobile which he operated and in which Levy, the plaintiff, was a passenger.   During the time the automobile was rented and operated, the defendant renting company was subject to §21 of Chapter 195 of the Public Acts of Connecticut (1925) which provides: "Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased."   While the plaintiff was a passenger Sack brought the car to a stop on the main highway at Longmeadow, Massachu-

setts, and negligently allowed it to stand directly in the path of automobiles proceeding southerly in the same direction his automobile was headed, without giving sufficient warning to automobiles approaching from his rear, and without having a tail light in operation, and when, due to inclement weather, the visibility was reduced to an exceedingly low degree. At this time the defendant Meginn negligently ran into and upon the rear end of the car Sack was operating and threw plaintiff forcibly forward causing him serious injuries. The specific acts of Meginn's negligence are set up at length in the complaint; it is not essential at this time to recite them. The plaintiff suffered his severe injuries in consequence of the concurrent negligence of both defendants.

The defendant demurred to the complaint upon several grounds, upon only one of which the trial court rested its decision, namely, that the liability of the defendant must be determined by the law of Massachusetts which did not impose upon persons renting automobiles any such obligation as the Connecticut Act did. This is the only ground of demurrer which was presented in the argument of the appeal. Since all of the grounds of demurrer were raised by the appeal, we have examined the others and deem it sufficient in disposing of them to say that none is well taken.

It is the defendant's contention in support of this ground of demurrer that the action set forth in the complaint is one of tort and since Massachusetts has no statute like, or substantially like, the Connecticut Act it must be determined by the common law of that State, under which the plaintiff must prove, to prevail, the negligence of the defendant in renting a defective motor vehicle and in failing to disclose the defect. If this were the true theory of the complaint, the conclusion thus reached must have followed. "The *locus*

*delicti* determined the existence of the cause of action."
*Orr v. Ahern,* 107 Conn. 174, 176, 139 Atl. 691; *Commonwealth Fuel Co.* v. *McNeil,* 103 Conn. 390, 130 Atl. 794. Under the law of Massachusetts the plaintiff, concededly, would have a cause of action against Sack and Meginn for their tortious conduct in the operation of the cars they were driving. The plaintiff concedes the correctness of this. His counsel, however, construe the complaint as one in its nature contractual. The Act makes him who rents or leases any motor vehicle to another liable for any damage to any person or property caused by the operation of the motor vehicle while so rented or leased. Liability for "damage . . . caused by the operation of such motor vehicle" means caused by its tortious operation. This was undoubtedly the legislative intent, otherwise the Act would be invalid. The plaintiff concedes this to be the true construction of these words and the defendant acquiesces in this construction.

The complaint alleges a tortious operation of the automobile rented to Sack by the defendant causing the injuries to the plaintiff as alleged and constituting an action *ex delicto.* The statute gives, in terms, the injured person a right of action against the defendant which rented the automobile to Sack, though the injury occurred in Massachusetts. It was a right which the statute gave directly, not derivatively, to the injured person as a consequence of the contract of hiring. The purpose of the statute was not primarily to give the injured person a right of recovery against the tortious operator of the car, but to protect the safety of traffic upon highways by providing an incentive to him who rented motor vehicles to rent them to competent and careful operators by making him liable for damage resulting from the tortious operation of the rented vehicles. The common law would not hold the

defendant liable upon the facts recited in the complaint for the negligence of Sack in the operation of this automobile. Huddy on Automobiles (8th Ed.) §200, and cases cited. The rental of motor vehicles to any but competent and careful operators, or to persons of unknown responsibility, would be liable to result in injury to the public upon or near highways, and this imminent danger justified, as a reasonable exercise of the police power, this statute, which requires all who engage in this business to become responsible for any injury inflicted upon the public by the tortious operation of the rented motor vehicle. Blashfield, in Cyclopedia of Automobile Law, Vol. 2, p. 1318, expresses the opinion that "of late there has been a tendency on the part of the courts to break away from the rigid limitation of the liability of the owner of the automobile to the strict application of the doctrine of respondeat superior. . . . Thus," he continues, "in some States, there are statutes providing, in effect, that every owner of a motor vehicle operated upon the public highway shall be liable for injuries resulting from negligence in the operation of such motor vehicle in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner, and such statutes are within the police power of the State." He cites a number of authorities in support of his statement. Statutes of this character are so clearly within the reasonable exercise of the police power that we do not deem it necessary to fortify his opinion, or the opinion we have already expressed, by detailed reference to the cases. The statute made the liability of the person renting motor vehicles a part of every contract of hiring of a motor vehicle in Connecticut. A liability *ex delicto* is created by the law of the place of the delict. *Orr* v.

*Ahern,* and *Commonwealth Fuel Co.* v. *McNeil, supra.* A liability arising out of a contract depends upon the law of the place of contract "unless the contract is to be performed or to have its beneficial operation and effect elsewhere, or it is made with reference to the law of another place." *Illustrated Postal Card & Novelty Co.* v. *Holt,* 85 Conn. 140, 143, 81 Atl. 1061. We will enforce rights of action on contracts arising in other jurisdictions unless these contravene our own law, or our own fundamental and important public policy imperatively requires their nonenforcement. *Maisch* v. *Maisch,* 87 Conn. 377, 381, 87 Atl. 729; *Dennick* v. *Central R. Co.,* 103 U. S. 11, 17; *Flash* v. *Conn,* 109 U. S. 371, 379, 3 Sup. Ct. 263. It is a general rule, subject to the exceptions we have noted, that rights *ex contractu* may be enforced anywhere. *Maisch* v. *Maisch, supra; Tuttle* v. *Jockmus,* 106 Conn. 683, 138 Atl. 804; 12 Corpus Juris, 449; Goodrich on Conflict of Laws, §103.

If the liability of this defendant under this statute is contractual, no question can arise as to the plaintiff's right to enforce this contract, provided the obligation imposed upon this defendant was for the "direct, sole and exclusive benefit" of the plaintiff. The contract was made in Connecticut; at the instant of its making the statute made a part of the contract of hiring the liability of the defendant which the plaintiff seeks to enforce. The law inserted in the contract this provision. The statute did not create the liability; it imposed it in case the defendant voluntarily rented the automobile. Whether the defendant entered into this contract of hiring was its own voluntary act; if it did it must accept the condition upon which the law permitted the making of the contract. The contract was for the "direct, sole and exclusive benefit" of the plaintiff, who is alleged to have been

injured through the tortious operation of the automobile rented by the defendant to Sack. The right of the plaintiff as a beneficiary of this contract to maintain this action is no longer an open question in this State. *Baurer* v. *Devenis,* 99 Conn. 203, 121 Atl. 566; *Tuttle* v. *Jockmus, supra.* The contract was made for him and every other member of the public. That the beneficiary was undetermined because each of the public was a beneficiary is of no consequence. His injury determines his identity and right of action. *Whitehead* v. *Burgess,* 61 N.J.L. 75, 38 Atl. 802; *Smead* v. *Stearns,* 173 Iowa, 174, 155 N. W. 307; 1 Williston on Contracts (1920 Ed.) §378; 4 Page on Contracts, §§2391, 2392. The assent of the beneficiary, if required, is manifested in his action upon the contract.

The demurrer should have been overruled.

There is error, the judgment of the Superior Court is reversed and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.