JOHN DENAPLES v. FANNING DRIVE-YOURSELF, INC., ET AL.

SUPERIOR COURT          FAIRFIELD COUNTY          FILE No. 74953

Memorandum filed September 10, 1947.

*Gordon & Kuriansky,* of Stamford, for the Plaintiff.

*Shapiro & Daly,* of Bridgeport, for the Defendants.

SHEA, J. The demurrer attacks the amended complaint because it does not aver that the defendant operator was the agent of the defendant owner and also because it fails to set forth facts showing that the negligence of said operator is im-

putable to the owner. The claim is also made under this demurrer that § 1627 of the General Statutes does not affect automobile rental contracts made outside this state and that, therefore, the statute does not apply to such rental agreements or leases as are alleged in the amended complaint.

Section 1627 provides: "Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased." This statute imposes liability on the owner only for the tortious operation of the vehicle. *Levy* v. *Daniels' U-Drive Auto Renting Co., Inc.,* 108 Conn. 333. The general rule is that the law governing the creation and extent of tort liability is that of the place where the tort was committed. Goodrich, Conflict of Laws (2d Ed.) p. 188. Liability for a tort depends upon the law of the place of the injury. *Young* v. *Masci,* 289 U. S. 253, 258. This case affirmed a decision of the Court of Errors and Appeals of the state of New Jersey upholding the power of the state of New York to make an absent owner of an automobile liable personally for injury inflicted by a person driving that car within the state of New York. The liability of the defendant, Fanning Drive-Yourself, Inc., is governed by the law of the state of Connecticut.

The amended complaint alleges that the defendant MacHanan was operating an automobile owned by the other defendant and that that automobile was rented or leased to MacHanan by Fanning Drive-Yourself, Inc. The fact that such rental agreement or lease was made in New York is not significant, for our statute (§ 1627) imposes liability upon any person renting or leasing to another such a motor vehicle.

The law applicable in such a situation is in effect similar to the liability imposed under the so-called family car doctrine. Thus if, by the law of the place of wrong, a person is liable for the negligence of a member of his family or anyone else who is driving the person's automobile with his permission, such person will be liable in other states although by the law of the state where suit is brought and where the permission was given to use the automobile no such liability exists. Restatement, Conflict of·Laws § 387d. In this connection it should be observed that the owner of this vehicle was liable for injuries sustained as a result of its negligent operation by any person

using it with the permission, express or implied, of the owner in the state of New York. N. Y. Vehicle & Traffic Law § 59.

Nor is the amended complaint defective because it fails to allege that the operator of the car was the agent of the defendant owner. If the allegations of the complaint are adequate to fairly apprise the defendant of the intended reliance upon the provisions of our statute, it is sufficient. *Baker* v. *Paradiso,* 117 Conn. 539, 543.

The demurrer is overruled.