Arthur G. HEILMANN and Helen B. Heilmann, his wife, Appellants,

v.

The HERTZ CORPORATION, Appellee.

No. 19370.

United States Court of Appeals Fifth Circuit.

July 24, 1962.

Edward McCarthy, Jr., Jacksonville, Fla., for appellants.

Marion R. Shepard, Jacksonville, Fla., for appellee.

Before CAMERON and JONES, Circuit Judges, and DeVANE, District Judge.

DeVANE, District Judge.

Appellants were injured in an automobile-truck accident, which occurred on January 28, 1958, in Kingsland, Georgia. The truck was owned by appellee and had been leased to Fulton Fish Company, a Florida corporation. It was being driven by one Oscar Wilson, a Fulton employee.

Appellants have been quite persistent in their efforts to recover damages for the injuries sustained in this accident. They first brought suit in the Circuit Court of Duval County, Florida, against Wilson and appellee. The suit was dismissed as to appellee on motion because appellee could not be sued as a party defendant under Georgia law. The suit was later dismissed as to Wilson on the ground the action was barred by the Georgia statutes of limitations. This decision of the Circuit Judge was affirmed by the Florida District Court of Appeals, First District, 129 So.2d 725, and cert. den. by the Supreme Court, 135 So.2d 741.

Appellants then instituted this suit against appellee alone in the United States District Court for the Southern District of Florida to recover damages sustained by them in this Georgia automobile accident of 1958.

The complaint contains four counts. In counts one and three appellants attempted to state a cause of action in contract against appellee and in counts two and four stated a cause of action in tort. At a hearing on the motions to dismiss on the ground that the cause of action stated in each count was in tort and barred by the statute of limitations of Georgia, the Court granted said motions, but upon request of counsel for plaintiffs below (appellants here) permission was granted to appellants to further attempt to state a cause of action in counts one and three on a contract theory.

When the motion to dismiss these two counts as amended came on to be heard before District Judge Simpson, he held that the amended counts still stated a cause of action in tort, was controlled by the statute of limitations of Georgia, and was, therefore, barred by said statute of limitations. He thereupon entered an order that counts one and three of the complaint as amended be dismissed with prejudice. The order also ruled on counts two and four, but this ruling is not an issue on this appeal.

Counsel for appellants pose a question of law as follows:

"Where the defendant leases a truck under a truck rental contract made in Florida to a lessee whose driver negligently damages the plaintiffs in an automobile collision in Georgia, are the plaintiffs entitled to elect to sue defendant in contract as third party beneficiaries of the rental contract rather than bring an action in tort?"

On this issue Judge Simpson held:

"As to counts one and three plaintiffs contend that their claims against the defendant are contractual in nature in that plaintiffs maintain the action as third parties beneficiary of the auto rental contract, thereby attempting to take advantage of the limitations period applicable to actions brought on contract in Florida. It appears, however, that the action is tortious in nature, and since the accident which forms the basis of the plaintiffs' claims occurred in the State of Georgia, the liability of the defendant, if any, must be determined by the laws of that state. Counts one and three of the complaint, as amended, allege that the truck involved was owned by the defendant, but the driver thereof was not the agent or servant of the defendant, but the employee of a company to which the defendant had leased the truck; therefore, these counts, under the law of Georgia, do not state a claim upon which relief may be granted. It further appears, without dispute, that the accident occurred more than two years prior to the filing of this suit. The defendant relies on the Statute of Limitations of Georgia, Section 3-1004, Code of Georgia, which, by Section 95.10, Florida Statutes, has been adopted by the State of Florida, as to causes of action arising in Georgia. This section bars actions for injuries to the person after the lapse of two years, * * *."

On this appeal appellants complain that Judge Simpson failed to rule upon the question as to whether appellants have the right to sound their case in contract under the Florida dangerous instrumentality doctrine established by the Supreme Court of Florida in tort cases involving accidents on the public highways of Florida. The Florida Courts have never been faced with the identical point of law here presented, but we are asked by appellants to determine whether or not they have a cause of action in contract against appellee under the Florida dangerous instrumentality doctrine.

The dangerous instrumentality doctrine was first touched upon by the Supreme Court of Florida in Anderson v. Southern Cotton Oil Company, 1917, 73 Fla. 432, 74 So. 975, L.R.A.1917E, 715. It was more completely announced in Southern Cotton Oil Company v. Anderson, 1920, 80 Fla. 441, 86 So. 629, 16 A.L.R. 255, and since that date has been many times reaffirmed by the Supreme Court of Florida in tort actions involving automobile accidents on public highways. These decisions of the Supreme Court do not hold that automobiles are dangerous instrumentalities within themselves, but that they may be made such when negligently operated on the public highways in the State of Florida. This dangerous instrumentality doctrine makes not only the operator of the automobile liable, but makes the owner or intermediaries in lawful possession of the automobile also liable.

As pointed out above, the dangerous instrumentality doctrine has been applied only in tort actions by the Florida Supreme Court and it is not within our province to hold that this doctrine is also applicable to civil actions brought under contracts where the party involved would not be liable except for the dangerous instrumentality doctrine.

Counsel for appellants rely heavily on Levy v. Daniels' U-Drive Auto Renting Co., Inc., 1928, 108 Conn. 333, 143 A. 163, 61 A.L.R. 846, a decision of the Supreme Court of Connecticut based upon a statute of that State as follows:

"Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased."

The Levy case held that this statute of Connecticut followed the automobile wherever it was driven and that the statute was applicable in an accident case which occurred outside the State of Connecticut. Clearly the Levy case

has no application or controlling effect here. Florida does not have a similar statute and the pronouncement of the Supreme Court as to the dangerous instrumentality doctrine is that it is applicable to automobiles and the owners, agents, and drivers thereof only in tort cases where the accident occurred through the negligence of the driver on public highways in Florida.

We hold that the law of Florida as of today gives appellants no cause of action in contract against the appellee in this case.

The judgment of the District Court is Affirmed.