[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant moves to strike count three, sounding in CUTPA, on the grounds that the plaintiff has not sufficiently pled a cause of action which would support a claim under CUTPA.
By amended complaint dated January 13, 1989, the plaintiff O'Rourke Associates, Inc. [hereinafter "O'Rourke"] brings this action against defendant Cooley Roofing Systems, Inc. [hereinafter "Cooley"], for breach of contract. O'Rourke alleges the following by way of its three count complaint. Plaintiff O'Rourke had an exclusive sales agreement [hereinafter "Agreement"] to sell products manufactured by defendant Cooley. O'Rourke's sales territory was in Connecticut and in four counties in Massachusetts. Cooley wrongfully terminated the Agreement between the parties, assigned an additional sales representative in the exclusive selling areas assigned to O'Rourke, and failed to pay commissions due O'Rourke for sales originated by O'Rourke during the term of the Agreement. Count one of the complaint alleges breach of contract. Count two alleges unjust enrichment. Count three alleges that the conduct of Cooley amounted to a violation of the Connecticut Unfair Trade Practices Act [hereinafter "CUTPA"].
On May 11, 1990 Cooley filed a motion to strike the third count of the complaint, on the grounds that the CUTPA count fails to state a claim upon which relief may be granted and a memorandum of law in support thereof. O'Rourke filed its memorandum in opposition to the defendant's motion to strike on June 13, 1990.
The purpose of a motion to strike is to "contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Conn. Practice Book 152; Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170 (1988). The motion to strike admits all facts well pleaded. Ferryman v. Groton, 212 Conn. 138, 142 (1989). Additionally, in ruling on the motion to strike, the court is limited to only those facts alleged in the complaint. Rowe v. Godou,209 Conn. 273, 278 (1988). The court also must construe the facts alleged in the complaint in the manner most favorable to the plaintiff. Id. If the factual allegations would support a cause of action, the motion to strike must be denied. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545 (1980).
Count one of the complaint herein sounds in breach of contract, count two sounds in quasi-contract, and count three is a CUTPA claim. The defendant, in its memorandum, claims that CT Page 2224 count three is legally insufficient because a CUTPA action is a statutory cause of action based exclusively on Connecticut law and the contract in this case is controlled by Rhode Island law.
The contract signed by the parties herein states that "[t]his Agreement shall be interpreted in accordance with the laws of the State of Rhode Island, U.S.A., both procedural and substantive." Therefore, this contract was made with reference to the law of another place. An exception to the general rule that a contract be interpreted by the law where the contract was made exists when a contract "is made with reference to the law of another place." Levy v. Daniels' U-Drive Auto Renting Co., Inc., 108 Conn. 333, 338 (1928). Consequently, the validity and construction of this contract should be interpreted according to Rhode Island law.
CUTPA is a statutory right of recovery for unfair trade practices created by the Connecticut General Assembly. Conn. Gen. Stat. 42-110a et seq.; see also Sportsmen's Boating Corporation v. Hensley, 192 Conn. 747, 755 (1984). "[I]n construing a statute, common sense must be used and we must assume that the legislature intended to accomplish a reasonable and rational result." Beloff v. Progressive Casualty Ins. Co.,203 Conn. 45, 58 (1987). Moreover, "[I]t is not for (a Connecticut) court to impose obligations not intended by the legislature." Johnson v. Manson, 196 Conn. 309, 317 (1985). The CUTPA claim of count three herein may not present a valid right of recovery based on a breach of contract to be interpreted by Rhode Island law.
Plaintiff asserts in its memorandum that its CUTPA claim is based upon tortious acts occurring in Connecticut and thus, Connecticut law may govern. Nevertheless, count three of the complaint, as pled, merely contains facts alleging a violation of CUTPA arising out of the alleged breach of contract in count one and the alleged unjust enrichment in count two, which claims are controlled by Rhode Island law. Thus, we conclude that the allegations of this complaint are not sufficient to state a claim upon which relief sought in the third count can be granted. Accordingly, the defendant's motion to strike count three is granted.
Hennessey, J.