[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS FOR SUMMARY JUDGMENT (#116, #118)
On March 9, 1993, the plaintiff, Thelma V. Brunow, instituted the present action against the defendants, and Condor Rentals ("Condor"). The plaintiff seeks to recover damages for personal injuries allegedly sustained as a result of an automobile collision on November 17, 1991. For purposes of the present motions before the court, the facts are not in dispute. The plaintiff, a resident of New York, was traveling on Route 7 in New Milford, Connecticut, when the defendant Burnett crossed over the centerline of the road and struck the plaintiff's vehicle. Defendant Burnett is a resident of New York. At the time of the accident, Burnett was operating a vehicle owned by the defendant Condor, pursuant to a rental agreement executed in Great Barrington, Massachusetts. Condor is a Massachusetts rental car corporation with a principle place of business at 10 Maple Avenue, CT Page 3681 Great Barrington, Massachusetts.
Count one of the plaintiff's complaint is directed against defendant Burnett. In count two, the plaintiff alleges that defendant Condor is liable pursuant to General Statutes 14-154a. That statute provides as follows:
 Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner.
General Statutes 14-154a.
On February 22, 1994, defendant Condor filed a motion for summary judgment on Count two of the plaintiff's complaint on the ground that the plaintiff does not have a cause of action under Connecticut law. On February 28, 1994, the plaintiff filed a cross motion for summary judgment against Condor on the ground that Connecticut law applies, including General Statutes 14-154a. At oral argument on March 28, 1994, counsel for the plaintiff and defendant Condor agreed that no material facts were in dispute and that the sole issue before the court is the appropriate choice of law.
"[S]ummary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a master of law.'" Practice Book 384; Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 780-81, 595 A.2d 334 (1991). A motion for summary judgment is an appropriate motion to resolve a choice of law issue. Howe v. Stuart Amusement Corp. 5 Conn. L. Rptr. 350, 351 (January 13, 1992, Hennessey, J.).
A. Characterization of the Action
Defendant Condor argues that the plaintiff's action, as set forth in count two of her complaint, is a contract action. Accordingly, Condor asserts that the contract of rental was made and performed in the State of Massachusetts and therefore, the law of Massachusetts applies to the present case.[1]
CT Page 3682
Our Supreme Court has held, in the past, that an action under General Statutes 14-154a is a contract action and therefore liabilities arising under that contract depend upon the law of the place where the contract was made unless it is to be performed or have its beneficial operation and effect elsewhere. Graham v. Wilkins, 145 Conn. 34, 37, 39-40, 138 A. 705 (1958); Levy v. Daniels U-Drive Auto Renting Co., Inc., 108 Conn. 333, 338-339,143 A. 163 (1928). However, our Supreme Court has since criticized the characterization of a complaint framed in tort as a contract matter as "an evasive device" which undermines the predictability and the ease of application of an appropriate tort analysis. O'Connor v. O'Connor, 201 Conn. 632, 647, 519 A.2d 13 (1986); See also, Wallenta v. Avis Rent-a-Car System Inc., 10 Conn. App. 201, 204
n. 5, 522 A.2d 820 (1987).
General Statutes 14-154a imposes tort liability upon the lessor in a contract or agreement for the renting of a motor vehicle. The complaint in the present action asserts tort and not contract liability. Therefore, an action brought under the statute sounds in tort, not contract. See Wallenta v. Avis Rent-a-Car System Inc., supra; Bolser v. National Car Rental,8 CSCR 275, 276 (February 8, 1993, Hurley, J.); Matteis v. National Car Rental, Superior Court, Judicial District of Stamford/Norwalk at Stamford, No. 111957 (January 28, 1993, Rush, J.)
B. Choice of Law
In O'Connor v. O'Connor, supra, our Supreme Court rejected the application of the place of the injury rule to an accident which occurred in Quebec, when Connecticut residents were involved, where Quebec would not permit such an action. The court adopted the "most significant relationship" test advanced by the Restatement (Second) of Conflict of Laws. Id., 649-50.
"[T]he rights and liabilities of the parties with respect to an issue are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and to the parties as stated in [the Restatement (Second) Conflict of Laws 6]." Id., 650. Section 6 of the Restatement provides that:
 (1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state and choice of law.
CT Page 3683
 (2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include
(a) the needs of the interstate and international system,
(b) the relevant policies of the forum,
 (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
(d) protection of justified expectations,
 (e) the basic policies underlying the particular field of law,
 (f) certainty, predictability and uniformity of result and
 (g) ease in the determination and application of the law to be applied.
Restatement (Second) Conflict of Laws 6.
The relative weights of each of these factors is to be considered, rather than their number, and independent weight is not to be attached to any of these factors, as they are "ancillary to the goal of providing rational, fair, choice of law rules." O'Connor v. O'Connor, supra, 651.
The Restatement analysis then turns to 145 of the Restatement (Second) Conflict of Laws for a set of "black letter" rules of priority to facilitate the application of 6 to tort cases. That section, in pertinent part, states:
 (2) Contacts to be taken into account in applying the principles of 6 to determine the law applicable to an issue include:
(a) the place where the injury occurred,
 (b) the place where the conduct causing the injury occurred,
CT Page 3684
 (c) the domicile residence, nationality, place of incorporation and place of business of the parties and
 (d) the place where the relationship, if any, between the parties is centered.
Restatement (Second) Conflict of Laws 145. These contacts are to be evaluated according to the relevant importance with respect to the particular issue. O'Connor v. O'Connor, supra, 652.
Applying these factors to the present case, as between Connecticut, Massachusetts, and New York, Connecticut has the most significant relationship to the action.[2]
In regard to Massachusetts, neither the plaintiff nor defendant Burnett is a resident of that state. Although defendant Condor is a Massachusetts corporation, Massachusetts' contact with the action, namely as the forum where the rental agreement was executed, is largely irrelevant to the tort action before the court.
The primary basis for asserting that New York has the most significant relationship is the fact that the plaintiff and defendant Burnett are residents of that state. However, that is New York's only contact with the action.
As for Connecticut, (1) the accident happened in Connecticut and (2) that is the place where the conduct causing the injury allegedly occurred. Further, because there is no relationship between the three parties, except for this accident, it may be deemed that (3) the relationship between the parties is "centered" in Connecticut. Connecticut also has a valid interest in the safety of its highways as General Statutes 14-154a was enacted "to protect the safety of traffic upon highways . . . ." Levy v. Daniels U-Drive Auto Renting Co., supra, 336. For all of the foregoing reasons, Connecticut is the state with the most significant contacts.
Connecticut is the state with the most significant contacts, therefore, the law of Connecticut, including General Statutes 14-154a
applies. Accordingly, the plaintiff's motion for summary judgment is granted. Defendant Condor's motion for summary judgment is denied.
RICHARD A. WALSH, J. CT Page 3685