[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#118)
FACTS
The plaintiff, Marjorie Kolpa-Acker, commenced this action against the defendant, Hertz Rent-A-Car, to recover damages for injuries she allegedly sustained in an automobile accident in Orlando, Florida. In a two-count amended complaint, the plaintiff, a Connecticut resident, alleges that she a was passenger in a motor vehicle operated by her husband when it was rear ended by a motor vehicle owned by the defendant and operated by Emilio Larrari Auzmendi[1], a citizen of Spain. The first count of the amended complaint alleges that the defendant is liable for the negligent operation of the vehicle by Auzmendi under General Statutes Sec.14-154a. The second count alleges that the defendant is liable for the negligent operation of the vehicle under Florida law.
The defendant filed an answer and special defenses to the amended complaint. The first special defense alleges that the complaint fails to state a cause of action for which relief may be granted. The second special defense claims that the second count of the complaint is barred by the applicable statute of CT Page 8851 limitations.
The defendant now moves for summary judgment on both counts of the amended complaint. In support of its motion, the defendant filed a supporting memorandum of law, affidavits and documentation. The plaintiff timely filed a memorandum in opposition.
DISCUSSION
"Summary judgment procedure, generally speaking, is an attempt to dispose of cases in a manner which is speedier and less expensive for all concerned than a full-dress trial." Orenstein v.Old Buckingham Corp., 205 Conn. 572, 574, 534 A.2d 1172 (1987). "Practice Book Sec. 384 provides that `summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted to show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Water Way Properties v. Colt's Mfg. Co., 230 Conn. 660,664, (1994). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Suarez v. DickmontPlastics Corp., 229 Conn. 99, 105, 639 A.2d 507 (1994). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Water WayProperties v. Colt's Mfg. Co., supra, 664. "The test is whether a party would be entitled to a directed verdict on the same facts." Haesche v.Kissner, 229 Conn. 213, 217, (1994).
The defendant argues that under applicable choice of law rules, this action is governed by Florida law and therefore a claim under General Statutes Sec. 14-154a is invalid. The defendant first argues that this is a contract action and since the contract between the defendant and Auzmendi was executed in Florida, that state's law should apply. The defendant also argues that if this action is considered a tort action, under both the doctrine of lex loci delicti and the Restatement (Second) of Conflict of Laws, Florida law will also apply. Finally, the defendant contends that since Florida has no lessor liability statute that is comparable to Sec. 14-154a, the plaintiff cannot maintain an action for a lessee's negligent operation of a motor vehicle against a lessor under Florida law. CT Page 8852
The plaintiff contends that this action sounds in tort, and that under the Restatement test Connecticut law applies. The plaintiff argues that Connecticut is the state with the most significant relationship to this action and, therefore, Sec.14-154a applies. The plaintiff also contends that it has sufficiently stated a cause of action in the second count under Florida's common-law dangerous instrumentality/strict vicarious liability doctrine.
General Statutes Sec. 14-154a provides:
 Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner.
General Statutes Sec. 14-154a.
In the past, the Connecticut Supreme Court has held that an action under Sec. 14-154a is a contract action and therefore contractual liabilities depend upon the law of the place where the contract was made unless it is to be performed or have its beneficial operation and effect elsewhere. Graham v. Wilkins,145 Conn. 34, 37, 39-40, 138 A. 705 (1958); Levy v. Daniels U-DriveAuto Renting Co., 108 Conn. 333, 338-39, 143 A. 163 (1928). The court, however, has since criticized the characterization of a complaint framed in tort as a contract matter as an "evasive device" which undermines the predictability and ease of application of an appropriate tort analysis. O'Connor v. O'Connor, 201 Conn. 632, 547, 519 A.2d 13 (1986); see also, Wallenta v. Avis Rent-a-CarSystem, Inc., 10 Conn. App. 201, 204 n. 5, 522 A.2d 820 (1987).
Section 14-154a imposes tort liability upon the lessor in a contract or agreement for the renting of a motor vehicle. Brunowv. Burnett, 11 Conn. L. Rptr. 273, 274 (April 6, 1994) (Walsh, R., J.). The amended complaint in this case asserts tort liability and not contract liability. The appropriate analysis for purposes of choice of law, therefore, is under a tort theory of recovery.Brunow v. Burnett, supra; Bosler v. National Car Rental,8 Conn. L. Rptr. 350 (1993) (Hurley, J.); Matteis v. National CarRental, Superior Court, J.D. of Stamford/Norwalk at Stamford, No. 111957 8 Conn. L. Rptr. 709 (January 28, 1993) (Rush, J.). CT Page 8853
In tort actions, Connecticut has traditionally adhered to the choice of law rule of lex loci delicti, which states that "the substantive rights and obligations of a tort controversy are determined by the law of the place of injury." (Citations and internal quotation marks omitted.) Williams v. State Farm MutualAutomobile Ins. Co., 229 Conn. 359, 370, ___ A.2d ___ (1994). Recently, however, our Supreme Court has recognized "that, in certain circumstances in which the traditional doctrine does not apply, the better rule is the analysis contained in the Restatement (Second) of Conflict of Laws." Id. For example, in cases where Connecticut residents are involved in automobile accidents in other states, the Supreme Court has opted to use the Restatement's analysis. SeeO'Connor v. O'Connor, supra, 201 Conn. 548 (Connecticut residents involved in automobile accident in Quebec); Williams v. State FarmMutual Automobile Ins. Co., supra (Connecticut plaintiff involved in automobile accident in New York).
Section 145 of the Restatement Second provides that "[t]he rights and liabilities of the parties with respect to an issue are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and to the parties as stated in Sec. 6." Section 6 of the Restatement provides that:
 (1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state and choice of law. (2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protections of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied.
O'Connor v. O'Connor, supra, 651.
Section 145(2) of the Restatement establishes "black letter CT Page 8854 rules to facilitate the application of the Sec. 6 principles to tort cases." Id., 652. Subsection 145(2) provides:
 Contacts to be taken into account when applying the principles of Sec. 6 to determine the law applicable to an issue include: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered. These contacts are to be evaluated according to their relative importance with respect to the particular issue."
Id. In the majority of instances, when the actor's conduct and the personal injury occur in the same state, the local law of that state will usually be applied to determine issues involving the tort. Restatement (Second), Conflict of Laws Sec. 145 Comments d-e; Sec. 146 Comment d; Williams v. State Farm Mutual AutomobileIns. Co., supra, 229 Conn. 372.
The factors found in Sec. 145 suggest the application of Florida law in this case. Both the injury and the conduct causing the injury occurred in Florida and, thus, factors (a) and (b) weigh in favor of applying Florida law. These two factors are, generally, the most important in determining which state's tort law to apply. Williams v. State Farm Mutual Automobile Ins. Co.,
supra, 229 Conn. 372; Restatement (Second), Conflict of Laws, Sec. 145 comment e. The plaintiff is a resident of Connecticut, and although the defendant is a Delaware Corporation, it has places of business throughout the United States, including Florida and Connecticut. The tortfeasor is a Spanish citizen who was driving an automobile registered in Florida. Thus, factor (c) is inconclusive. Since there was no relationship between the parties other than the accident, factor (d) is irrelevant. Williams v.State Farm Mutual Automobile Ins. Co., supra, 373. Based on these factors, Florida has the greatest contact with the parties, although Connecticut also has significant contacts.
The Restatement's analysis, however, does not end with an analysis of the individual state's contacts with the parties. Under Sec. 6 of the Restatement, the relevant policy interests of Connecticut and Florida must also be considered to determine which of these states has the most significant relationship. CT Page 8855
The first factor to consider under Sec. 6 of the Restatement is the relevant policy interest of the forum state, Connecticut. The plaintiff contends that Connecticut in protecting its residents who are injured in motor vehicle accidents involving rental vehicles. Connecticut does have such an interest and it is embodied in Sec. 14-154a. This statute "expressly makes owners and lessors liable "to the same extent as the operator[s]." Gionfriddov. Avis Rent A Car System, Inc., 192 Conn. 280, 288-89,472 A.2d 306 (1984). The statute imposes liability "to a significantly greater extent than vicarious liability at common law." Id., 289.
An analysis of the second factor under Sec. 6 of the Restatement, the relevant policy of other interested states, shows that Florida shares the same policy interest as Connecticut. While Florida does not have a statute similar to Sec. 14-154a, it apparently is the only state "that imposes, under the common law dangerous instrumentality doctrine, strict vicarious liability upon the owner of a motor vehicle who voluntarily entrusts it to another. . . . Under this doctrine, an owner who gives authority to another to operate the owner's vehicle, by express or implied consent, has a nondelegable obligation to ensure that the vehicle is operated properly." (Citations omitted.) Hertz Corp. v.Jackson, 617 So.2d 1051, 1053 (1993). "[S]trict, vicarious responsibility" is imposed "upon the owner or other possessor of a motor vehicle who voluntarily entrusts it to another for any subsequent negligent operation which injures a member of the travelling public." Id., 1052.
Thus, both Connecticut and Florida impose liability upon a lessor for the subsequent negligent operation of the entrusted vehicle. Connecticut General Statutes Sec. 14-154a; Hertz Corp.v. Jackson, supra. Although Connecticut and Florida state their policies differently, one by statute and one through the common law, both reflect a common policy concerning the vicarious liability of lessors of motor vehicles. Both states seek to protect the interests of the injured plaintiff by imposing expanded vicarious liability. Both states also impose similar restrictions on this vicarious liability, such as limiting it to those in lawful possession of the entrusted vehicle. See Pedevillano v. Bryon,231 Conn. 265, 268, (1994); Hertz Corp. v. Jackson, supra, 617 So.2d 1053 (conversion or theft of vehicle in question before act of negligence vitiates owner's initial consent precluding imposition of vicarious liability). Thus, the application of either state's law will serve the underlying policy interests of CT Page 8856 both states, since both states share the same policy of imposing vicarious liability on lessors of motor vehicles.
Another factor under Sec. 6 of the Restatement, is the ease in determining and applying the law to be applied. While this factor should not be overemphasized in determining the state with most significant relationship, the ease of applying a Connecticut statute, as opposed to Florida common law, in a Connecticut court weighs heavily in favor of applying Connecticut law. See, R.A. Leflar, American Conflicts Law (3rd Ed. 1977), Sec. 105, pp. 208-10. Already in this action, the defendant misstated Florida's law in regards to vicarious liability in the entrustment of motor vehicles. In a situation such as this, where both state's share the same policy interests and legal concepts, this court believes that the application of the forum state's law may be appropriate. This result "achieves the best possible accommodation" of the policies of both states. See Restatement (Second), Conflict of Laws, Sec. 6 comment f. Applying Connecticut law would not offend Florida's policy because both states impose vicarious liability in a situation such as has been alleged in this action. Moreover, the fact that the plaintiff is a Connecticut resident weighs in heavily favor of applying Connecticut law in these circumstances, since both Connecticut and Florida's policy is based on providing recovery for injured plaintiffs. Accordingly, the defendant's motion for summary judgment as to the first count is denied.
The defendant also moves for summary judgment on the second count arguing that this count fails to allege a cause of action under Florida law. The defendant argues that in the second count the plaintiff also alleges that Hertz is liable under General Statutes Sec. 14-154a. The defendant, however, misreads the amended complaint. While the second count incorporates by reference a number of paragraphs from the first count, it does not incorporate the allegation that the defendant is liable pursuant to Sec. 14-154a. Instead, the second count sufficiently alleges a cause of action under Florida's unique common law dangerous instrumentality doctrine. Hertz Corp. v. Jackson, supra, 617 So.2d 1053. Thus, the motion for summary judgment as to the second count is also denied.
In the circumstances of this case, where the law of both Florida and Connecticut impose vicarious liability upon the lessor of a motor vehicle, the ultimate decision on which state's law should be applied is best left to the trial judge. CT Page 8857
For these reasons, the defendant's motion for summary judgment is denied.