MARGARET CONNELLY *vs.* GEORGE H. DECONINCK.

Third Judicial District, Bridgeport, April Term, 1931.
MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued April 15th—decided June 1st, 1931.

*William T. Keavney, Jr.,* with whom, on the brief, was *John H. Cassidy,* for the appellant (defendant).

*William B. Fitzgerald,* for the appellee (plaintiff).

MALTBIE, C. J. In this action the plaintiff alleged that she suffered certain injuries while riding as the guest of Andrew J. Healey in an automobile "rented and leased" by him from the defendant, by reason of his heedless and reckless misconduct. The claims of proof of the parties show that she offered evidence that she was riding in the automobile as Healey's guest and that no contrary evidence was offered. The trial court was therefore justified in treating this as an undisputed fact. Her right to recover from the defendant depends upon her proof of facts establishing such misconduct on the part of Healey as would satisfy the requirements of the so-called "guest statute," Chapter 308 of the Public Acts of 1927 (§ 1628 of the Revision of 1930), and the fact that Healey had hired the car of the defendant within the terms of Chapter 256 of the Public Acts of 1929 (§ 1627 of the Revision of 1930). The defendant complains of the failure to give four requests to charge. Of these the first two concern matters sufficiently covered in the charge as given, the third was not couched in such a form as to require the trial court to give it, and the fourth was, so far as this record shows, sufficiently complied with. The charge as given lacked something in clarity and the trial court should not have used the term negligence as applied to the claimed misconduct of Healey, but reading the instructions as a whole, we are satisfied that the jury could not have failed to get a sufficiently clear understanding of the meaning and effect of the "guest statute" or have been misled into adopting any test which would make the defendant's liability depend upon a lower degree of misconduct on Healey's part than is required by the statute. There was no reversible error committed upon the trial of the case.

The defendant, after verdict, moved in arrest of

judgment upon the ground that the statute, Chapter 256 of the Public Acts of 1929, which makes liable one who lets an automobile for hire and upon which the plaintiff's right of recovery in this action must rest is unconstitutional. The statute provides: "Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner." The defendant bases his contention that the statute is unconstitutional upon the claim that it is too ambiguous to be enforceable and that it might impose a liability upon the person renting the car for the acts of one who wrongfully procured possession of it from the person to whom it was rented. As to the first claim, while no doubt it would have been more accurate if the statute used the words "hiring" or "letting for hire" in place of the words "renting or leasing," the latter words are obviously used in the sense of the former, and the statute would not include, as the defendant suggests, vehicles possession of which is surrendered under conditional bills of sale. The intent of the legislature is expressed in language sufficiently plain to admit of no reasonable doubt. In *Marshall* v. *Fenton,* 107 Conn. 728, 731, 142 Atl. 403, we said of this statute: "This cannot be regarded otherwise than as an expression of legislative judgment as to the extent—beyond the limitations of the general principles of *respondeat superior* and the 'family-car doctrine'—to which the owner of a motor vehicle which he entrusts to another should be held liable for the acts of the latter." We there indicated that the purpose of the statute was to impose a liability akin in its nature to that of a principal for the acts of his agent. In *Levy* v. *Daniels' U-Drive*

*Auto Renting Co., Inc.,* 108 Conn. 333, 336, 143 Atl.
163, upholding the statute as a proper exercise of the
police power, we said: "The Act makes him who rents
or leases any motor vehicle to another liable for any
damage to any person or property caused by the opera-
tion of the motor vehicle while so rented or leased. . . .
The purpose of the statute was not primarily to give
the injured person a right of recovery against the
tortious operator of the car, but to protect the safety
of traffic upon highways by providing an incentive
to him who rented motor vehicles to rent them to
competent and careful operators by making him liable
for damage resulting from the tortious operation of
the rented vehicles." While the statute is very likely
capable of a broader construction, we have indicated
in these two decisions what we deem to be the true
intent of the legislature, to impose upon the person
who lets an automobile for hire a liability for the
tortious acts of him who hires it or of anyone who
comes into possession of it under the contract of hir-
ing with the express or implied authority of the owner.
We cannot impute to the legislature an intent, so un-
reasonable and of such doubtful constitutionality, to
include a liability of the owner for the tortious acts
of one who wrongfully acquires possession of the car
from him into whose hands it came by the voluntary
act of or under authority from the owner. The motion
in arrest of judgment was properly denied.

There is no error.

In this opinion the other judges concurred.