## ALAN WALLENTA *v.* AVIS RENT A CAR SYSTEM, INC. (4727)

DUPONT, C. J., HULL and SPALLONE, Js.

Argued January 14—decision released March 17, 1987

*Brian D. Maher,* for the appellant (plaintiff).

*Robert L. Danaher,* with whom, on the brief, was *Jennifer M. Damon,* for the appellee (defendant).

DUPONT, C. J. The sole issue on this appeal is whether the trial court erred in dismissing this action due to the plaintiff's failure to allege in his complaint facts sufficient to establish personal jurisdiction over the defendant.

The complaint alleged that the plaintiff, through his Illinois corporate employer, rented a motor vehicle in

Alabama from the defendant Avis Rent A Car System, Inc. (Avis), a national corporation which is licensed to do business in Connecticut and maintains an office in this state. The complaint also alleged that the plaintiff, while a passenger in the rented vehicle, was involved in an accident in Alabama in which he was injured due to the negligence of the operator of the car. The complaint further alleged that the motor vehicle owned by the defendant was subject to General Statutes § 14-154a.[1] The rental agreement was not attached to the complaint.[2] Although not alleged in the complaint, it is not disputed that the defendant is a Delaware corporation, that it named CT Corporation as its agent for service of process in this state, and that it is authorized to do business in Connecticut.

The trial court granted the defendant's motion to dismiss because it concluded that the plaintiff failed to set forth facts in his complaint sufficient to bring Avis within the jurisdiction of Connecticut courts under General Statutes § 33-411 (c). See *Lombard Bros., Inc.* v. *General Asset Management Co.*, 190 Conn. 245, 253–58, 460 A.2d 481 (1983). The plaintiff's position is, essentially, that the defendant has subjected itself for all purposes to the jurisdiction of the court by naming an agent for service of process and by operating an office in this state. The plaintiff did not rely, in his complaint, in his

[1] General Statutes § 14-154a provides: "LIABILITY OF OWNER FOR DAMAGE CAUSED BY RENTED OR LEASED CAR. Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner."

[2] It is not known, therefore, whether the leasing agreement provided that the law of any particular forum should govern it, or whether it prevented the plaintiff from allowing any other person to drive the leased car, or whether it prohibited the plaintiff from driving the car outside the state of Alabama.

argument before the trial court or on appeal, upon General Statutes § 33-411 (c).[3]

The writ, summons and complaint, and the return of service were all before the court when it granted the defendant's motion to dismiss. The return of service indicated that copies of the original writ, summons and complaint had been delivered both to CT Corporation, the defendant's appointed agent for service,[4] and to the office maintained by the defendant in this state. This appeal boils down to determining whether the defendant's maintenance of an office in this state and compliance with the statutory requirement of appointing an agent for service of process is, in effect, a consent to the jurisdiction of this state's courts for the determination of a cause of action arising out of a con-

---

[3] General Statutes § 33-411 (c) provides: "Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; or (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; or (3) out of the production manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance."

[4] General Statutes § 52-57 (c) provides in relevant part: "In actions against a private corporation established under the laws of any other state . . . service of process may be made . . . upon the agent of the corporation appointed pursuant to section 33-400."

General Statutes § 33-400 (a) provides in relevant part: "Each foreign corporation . . . shall, before transacting business in this state, appoint in writing an attorney upon whom all process, in any action or proceeding against it, may be served, and in such writing such corporation shall agree that any process against it which is served on said attorney shall be of the same legal force and validity as if served on the corporation . . . ."

tract entered into by it and a citizen of this state but executed in another state. Stated another way, the question is whether this state has authorized the assertion of personal jurisdiction over the defendant, and, if so, whether due process would be violated by the assertion of such personal jurisdiction by this state. *Frazer* v. *McGowan,* 198 Conn. 243, 246, 502 A.2d 905 (1986); *United States Trust Co.* v. *Bohart,* 197 Conn. 34, 38, 495 A.2d 1034 (1985); *Lombard Bros., Inc.* v. *General Asset Management Co.,* supra, (1983).

Before discussing this issue, it is necessary to make it clear what this case is *not* about. It does not concern conflicts of laws. We are not involved in a determination of whether General Statutes § 14-154a applies to contracts executed outside of this state[5] or whether, if personal jurisdiction over the defendant exists and it is determined that such jurisdiction should be exerted by our courts, the plaintiff has stated a cause of action pursuant to that statute. General Statutes § 14-154a

---

[5] The defendant claims that Alabama does not have a similar statute. Even if we assume that Connecticut should exert jurisdiction over the contract executed in Alabama, the issue of which law should govern remains open. See *Simaitis* v. *Flood,* 182 Conn. 24, 437 A.2d 828 (1980). The Supreme Court of Connecticut has lately hinted that General Statutes § 14-154a grants a cause of action based on tort, rather than contract. *O'Connor* v. *O'Connor,* 201 Conn. 632, 647, 519 A.2d 13 (1986); see *Gionfriddo* v. *Avis Rent A Car System, Inc.,* 192 Conn. 280, 286–88, 472 A.2d 306 (1984). The difference, in terms of conflict of laws, would be whether the law of the forum might in some instances be followed in tort actions where the forum's law bears the most significant relationship to the controversy; *Gionfriddo* v. *Avis Rent A Car System, Inc.,* supra; or whether the law of the place of the contract should be followed unless the contract is to be performed elsewhere or is intended to have a beneficial operation and effect elsewhere. *Graham* v. *Wilkins,* 145 Conn. 34, 39–40, 138 A.2d 705 (1958); *Levy* v. *Daniels' U-Drive Auto Renting Co.,* 108 Conn. 333, 338, 143 A. 163 (1928).

It should noted that in this case the defendant does not claim that General Statutes § 14-154a fails to provide the plaintiff with a cause of action, but does claim that personal jurisdiction over the defendant is lacking. It should also be noted that the plaintiff asserts that General Statutes § 14-154a gives the Connecticut courts personal jurisdiction over the defendant.

is a statute which grants a cause of action to those persons claiming damage because of the operation of a car which is lawfully in the possession of an operator of a car pursuant to the terms of a contract of rental of that car, against the lessor of the car. *Gionfriddo* v. *Avis Rent A Car System, Inc.,* 192 Conn. 280, 284, 472 A.2d 306 (1984); *Connelly* v. *Deconinck,* 113 Conn. 237, 240, 155 A. 231 (1931). The statute itself has no relation to jurisdiction.

In order to determine whether Connecticut has authorized the assertion of personal jurisdiction over the defendant, we must examine the statutory framework of General Statutes § 33-411.[6] Section 33-411 (b) relates to foreign corporations which transact business in this state in violation of §§ 33-395 or 33-396[7] and makes them subject to suit in this state upon any cause of action arising out of such business. Since the defendant has procured a certificate of authority, it is not transacting business in this state in violation of § 33-396 and, therefore, § 33-411 (b) does not apply to it. General Statutes § 33-411 (b) has been interpreted as requiring, for the purposes of withstanding a motion to dismiss for lack of jurisdiction over a nonresident corporation, allegations in the complaint that the plain-

[6] General Statutes § 33-411 (c) has been quoted in footnote 3, supra. General Statutes § 33-411 (a) provides in relevant part that "[a]ny process . . . in connection with any action . . . required or permitted by law to be served upon a foreign corporation authorized to transact business in this state which is subject to the provisions of section 33-400 . . . be served upon such corporation . . . as follows: . . . . (2) When an attorney other than the secretary of the state . . . has been appointed such corporation's attorney for service of process, by serving the same upon such attorney."

General Statutes § 33-411 (b) provides: "Every foreign corporation which transacts business in this state in violation of section 33-395 or 33-396 shall be subject to suit in this state upon any cause of action arising out of such business."

[7] General Statutes § 33-395 is not here involved and General Statutes § 33-396 provides, in essence, that no foreign corporation shall transact business in Connecticut unless it has procured a certificate of authority from the secretary of the state.

tiff's cause of action arose out of the defendant's transaction of business in the state. General Statutes § 33-411 (c), in contrast, confers jurisdiction over some causes of action without regard to whether a foreign corporation is transacting business here and without regard to any causal connection between the plaintiff's cause of action and the defendant's presence in this state. *Lombard Bros., Inc.* v. *General Asset Management Co.,* supra, 252–53; see *Frazer* v. *McGowan,* supra.[8]

General Statutes § 33-411 (b) makes a foreign corporation amenable to service of process when it has not formally designated the secretary of the state as its agent for service of process but has engaged in business in Connecticut which would subject it to the requirement of obtaining authorization from the secretary of the state. General Statutes § 33-411 (a) makes a foreign corporation amenable to service of process when it *has* obtained authorization from the secretary of the state to transact business in this state. The defendant in this case has obtained such authorization and is subject to service of process under the terms of subsection (a). General Statutes § 33-411 (b), in effect, puts a defendant in the same position it would have been in, had it conformed to General Statutes § 33-400 and appointed an agent for service of process because it was conducting business in this state. If this is so, it is logical to conclude that General Statutes § 33-411 (a) means that a foreign corporation which has appointed an agent for service of process because it has acknowledged that it is conducting business within

---

[8] Although *Frazer* v. *McGowan,* 198 Conn. 243, 502 A.2d 905 (1986), states that, for purposes of General Statutes § 33-519 (c), which relates to nonstock corporations and is the counterpart of General Statutes § 33-411 (c) which relates to stock corporations, no causal connection need be established between the cause of action and the thing being done under the terms of the statute, it goes on to find that there was a causal connection on the particular facts involved.

this state will be subject to suit in this state upon any cause of action arising out of such business. A corporation which complies with the requisites of General Statutes § 33-411 (a) has, in fact, consented to the exercise of jurisdiction by the courts of this state. Such a corporation has "purposely avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson* v. *Denckla,* 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958).

The question then becomes whether "such business" is limited to the business of leasing cars in this state, or whether it includes the general business of leasing cars to Connecticut residents, regardless of where the parties may be when the contract is entered into and performed. General Statutes § 33-411 (c) makes certain actions of a defendant which may not constitute the transaction of business in this state amenable to suit here, as for example, when the business is solicited here, but the offer to do business is accepted elsewhere. That being the case, there seems no good reason to provide a greater shield to foreign corporations which have acknowledged they do business here than to corporations which have not acknowledged the same or which, in fact, do not ordinarily transact business in this state.

The courts of this state have the authority to determine whether personal jurisdiction may be asserted against a foreign corporation doing business here arising out of a cause of action for activities which occurred in another state and which were unconnected to the activities of the corporation here. *Perkins* v. *Benguet Consolidated Mining Co.,* 342 U.S. 437, 446, 72 S. Ct. 413, 96 L. Ed. 485 (1952); see 1 Restatement (Second), Conflict of Laws §§ 43-44. The rationale for § 44 is set forth as follows: "By authorizing an agent or public official to accept service of process in actions brought

against it, the corporation consents to the exercise by the state of judicial jurisdiction over it as to all causes of action to which the authority of the agent or official extends. This consent is effective even though no other basis exists for the exercise of jurisdiction over the corporation." 1 Restatement (Second), Conflict of Laws § 44, comment (a). We conclude that General Statutes § 33-411 (a) makes the defendant amenable to the jurisdiction of this state.

Since the defendant consented to the personal jurisdiction of this state, the plaintiff did not have to allege facts to establish that the defendant had made itself amenable to suit here. See *United States Trust Co.* v. *Bohart,* supra, 39. The allegation that the defendant was licensed to do business in this state was sufficient to show that this state had authorized the assertion of jurisdiction over the defendant, and that the defendant had consented to that assertion of jurisdiction.

The next question to be resolved is whether the assertion of such personal jurisdiction offends due process. The foundation for the assertion of personal jurisdiction in this case is that the plaintiff, a Connecticut resident, rented a car in Alabama, owned by the defendant corporation which corporation was registered to do business in Connecticut. The subsidiary question is whether the defendant could reasonably have anticipated a suit in Connecticut arising from the contract executed in Alabama. *Lombard Bros, Inc.* v. *General Asset Management Co.,* supra; see *United States Trust Co.* v. *Bohart,* supra; 1 Restatement (Second), supra, § 50. The trial court granted the motion to dismiss in reliance on General Statutes § 33-411 (c), and the hearing held on the motion was restricted solely to the applicability of that statutory subsection. The trial court never reached the issue of whether personal jurisdiction over the defendant would offend due process on

the basis of the facts of this case.[9] The plaintiff, therefore, was not afforded a full opportunity to establish facts sufficient to satisfy due process requisites.[10] Although the defendant is amenable to the jurisdiction of the courts of this state under General Statutes § 33-411 (a), the plaintiff must be given an opportunity, at a "trial-like hearing," to establish such facts. *Standard Tallow Corporation* v. *Jowdy,* 190 Conn. 48, 50–56, 459 A.2d 503 (1983); see *Chevette* v. *U-Haul Co. of New Mexico,* 7 Conn. App. 617, 622, 510 A.2d 206 (1986).

There is error, the judgment is set aside and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

---

[9] It was not necessary, in order to withstand a motion to dismiss, for the plaintiff to allege facts which would establish the minimum contacts necessary for due process requirements. *Standard Tallow Corporation* v. *Jowdy,* 190 Conn. 48, 53, 459 A.2d 503 (1983).

