[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Troy D. Ruff, was injured in a motor vehicle accident which occurred on July 1, 1989, when his motorcycle and a 1989 Mitsubishi Mirage operated by defendant Rodrick L. Williams collided in Milford. The Williams vehicle had been leased by defendant Rental Car Resources, Inc. d/b/a Budget Rent A Car (Rental Car) to Rotecia Smith, variously described as the aunt or cousin of Williams.
Liability of Rental Car is predicated on the applicability of General Statutes 14-154a, which provides: "Any person renting or leasing to another any motor vehicle I owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner." According to Connelly v. Deconinck, 113 Conn. 237,240, 155 A. 231 (1931), the lessor of a motor vehicle is liable for the "tortious acts of him who hires it or of anyone who comes into possession of it under the contract of hiring with the express or implied authority of the owner." Liability is, however, excluded "for the tortious acts of one who wrongfully acquires possession of the car from him into whose hands it came by the voluntary act of or under authority from the owner." Id., 240. See also Wallenta v. Avis Rent A Car System. Inc., 10 Conn. App. 201,205, 522 A.2d 820 (1987), to the same effect.
Rental Car has filed a motion for summary judgment (#107), claiming that Williams took Smith's rental car without the permission, expressed or implied, of Smith, the lessee of the car CT Page 1498 in question, and therefore that it, Rental Car, is not liable to the plaintiff for Williams' alleged negligent driving.
The criteria for the granting of summary judgment, Practice Book 384, were reiterated recently by the Appellate Court in Cummings and Lockwood v. Gray, 26 Conn. App. 293, 296-297, A.2d (1991), and can be summarized as follows: (i) such a judgment may be granted if there is no genuine issue as to any material fact; (ii) the moving party has the burden of proving the nonexistence of any material fact, the evidence must be viewed in the light most favorable to the nonmovant, and the test is whether the moving party would be entitled to a directed verdict on the same facts; (iii) a material fact is one that will make a difference in the outcome of the case; and (iv) once the movant presents evidence supporting a motion for summary judgment, the nonmoving party must demonstrate the existence of a genuine issue of material fact by reciting specific facts contradicting the facts contained in the moving papers.
In support of its motion for summary judgment, Rental Car submitted several documents, including a statement by Smith in which she says that Williams was "temporarily residing" at her apartment. She further indicates that on the day of the accident, she entered her apartment and "placed the keys to the Mitsubishi on the kitchen counter." She then apparently left the apartment and went to visit another individual in the same building, and was not present when Williams returned. In a statement by Williams, he said that he "saw the car keys to the Mitsubishi on the counter, so I took them."
In a statement to the Milford police, Smith said that Williams took the car without her "knowledge or permission," although she did not wish him to be arrested. In his statement to the police, Williams said that he took the keys from the kitchen counter "feeling that my aunt wouldn't mind if I borrowed the car for a short time. . ."
Based on the material submitted by Rental Car in support of its motion for summary judgment, I cannot say that there are no genuine issues of material fact. One might infer that Smith, in leaving her keys in a visible place, such as a kitchen counter, impliedly permitted Williams, who was residing in her apartment, to drive her car. If Smith had placed the keys in some relatively inaccessible place, or had specifically forbidden Williams from driving her rental car, a different result could well ensue. Smith does not claim that she ever told Williams not to drive the leased Mitsubishi before the incident in question. She claims only that if she had been asked by Williams for permission to drive the car, she would have said no. Moreover, in Fisher v. Hodge, 162 Conn. 363, 370, 294 A.2d 577 (1972), the court spoke CT Page 1499 in terms of the operator acquiring possession of a rental car "by theft, fraud or duress." Clearly these factors are not involved in this case.
In conclusion, on these state of facts, I believe that the trier of facts will have to determine, in the words of Connelly, supra, 240, whether Williams had Smith's implied authority to drive the leased vehicle, or, on the other hand, whether Williams wrongfully acquired possession of the car.
Therefore, Rental Car's motion for summary judgment is denied.
So Ordered.
Dated at Bridgeport, Connecticut, this 24 day of February, 1992.
WILLIAM B. LEWIS, JUDGE