[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiffs, Chanh Ky and Hue Nguyen Thi, filed a two count complaint against the defendants Deborah L. Pedace and Thrifty Rent-A-Car (hereinafter "Thrifty"), seeking damages as the result of an automobile accident which occurred on July 3, 1989. Plaintiffs' revised complaint, dated July 29, 1991, alleges that the accident occurred when the plaintiff, Chanh Ky, brought his vehicle to a stop in a disabled condition, near Exit 48 of I-84 East in Hartford. Thereafter, the defendant Deborah Pedace, operating a vehicle leased to her by the defendant Thrifty, drove her vehicle into the rear of the plaintiff's vehicle, causing damages to the vehicle and injuries to the plaintiff Ky.
The first count of the plaintiffs' complaint alleges that the defendant Pedace's negligent conduct caused the plaintiff Ky's injuries and damages. It further alleges, citing General Statutes 14-154a, that the defendant Thrifty is liable as the lessor of the vehicle which the defendant Pedace was operating at the time of the accident. The second count alleges loss of consortium by the plaintiff Hue Nguyen Thi, wife of the plaintiff Chanh Ky. It also repeats the allegations regarding the liability of Thrifty pursuant to 14-154a.
On March 24, 1992, Thrifty filed the present motion for summary judgment on the ground that since it did not own the vehicle operated by Ms. Pedace at the time of the accident, it cannot be liable pursuant to 14-154a. Thrifty filed an accompanying memorandum of law, as well as the affidavit of Robert Sorrells of Pentanstar Services, Inc., regarding ownership of the subject vehicle. The plaintiff filed an objection to Thrifty's motion, along with the affidavit of Joseph P. Kenny, the plaintiffs' counsel,[1] and various documents indicating that Thrifty was insured by Reliance Insurance and was involved in the accident in question. Thrifty subsequently filed the affidavit of its General Manager, CT Page 11236 Maribeth Connolly, as well as additional documents indicating that it does not own the vehicle in question. The plaintiffs have filed a supplemental memorandum of law in opposition to Thrifty's motion.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilson v. New Haven,213 Conn. 277, 279, 567 A.2d 829 (1989). "Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue." Burns v. Hartford Hospital, 192 Conn. 451, 455,472 A.2d 1257 (1984). Because the burden is on the moving party, the evidence must be viewed in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn. Catz v. Rubenstein, 201 Conn. 39, 49, 513 A.2d 98 (1986).
General Statutes 14-154a provides:
 Sec. 14-154a. Liability of owner for damage caused by rented or leased car. Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner.
(Emphasis added.)
According to Thrifty, 14-154a only imposes liability upon owners of vehicles who lease them. Thrifty further argues that since the undisputed material facts establish that Mitsubishi, and not Thrifty, was the owner of the vehicle operated by Ms. Pedace at the time of the incident in question, summary judgment should be granted in Thrifty's favor. The plaintiffs argue, based upon certain communications between plaintiffs' counsel and Reliance Insurance Company, wherein Reliance indicated that its insured was CT Page 11237 Thrifty, that a question of fact exists as to ownership of the subject vehicle. The plaintiffs further argue that Thrifty is liable, pursuant to 14-154a, because it had the express or implied authority to lease the subject vehicle to the defendant Pedace.
14-154a is contained in Chapter 246 of the Connecticut General Statutes. The word "owner" as used in Chapter 246 is defined as "any person holding title to a motor vehicle, or having the legal right to register the same, including purchasers under conditional bills of sale." General Statutes 14-1 (37). In the present case, Thrifty has not provided either the title to the vehicle or its registration in support of its motion for summary judgment. It has provided, in addition to the affidavits of its general manager and the Senior Claims Manager for Pentastar Services, Inc., a copy of the rental agreement between Thrifty and the defendant Pedace. It has also provided a copy of an invoice from Mitsubishi Motor Sales of America, Inc. to "Acme Leasing-Thrifty Rent-CT." This invoice provides the current fee for certain leased vehicles, and establishes, according to Thrifty, that the subject vehicle was owned, at all relevant times, by Mitsubishi rather than Thrifty.
The plaintiffs have provided, in opposition to Thrifty's motion, various correspondence from Reliance Insurance Company to the plaintiffs' counsel indicating that its insured is Thrifty, not Mitsubishi.
Viewing the evidence in the light most favorable to the plaintiffs, and giving the plaintiffs the benefit of all favorable inferences that can be drawn; Catz, supra, 49; a question of fact exists as to whether Thrifty owned the vehicle in question at the time of the subject incident.
However, even if Thrifty was not the owner of the vehicle, Thrifty as the lessor is not entitled to summary judgment.
In Connelly v. Deconinck, 113 Conn. 237, 240,155 A. 231 (1931), the court stated that: CT Page 11238
 The purpose of the statute [is] not primarily to give the injured person a right of recovery against the tortious operator of the car, but to protect the safety of traffic upon highways by providing an incentive to him who rent[s] motor vehicles to rent them to competent and careful operators by making him liable for damage resulting from the tortious operation of rented vehicles.
(Emphasis added.) (Internal citations omitted.) The court concluded by noting that the true intent of the legislature in enacting the statute was "to impose upon the person who lets an automobile for hire a liability for the tortious acts of him who hires it or of anyone who comes into possession of it under the contract of hiring with the express or implied authority of the owner." Id., 240.
In Wallenta v. Avis Rent A Car System, Inc.,10 Conn. App. 201, 204-05, 522 A.2d 820 (1987), the court stated that "General Statutes 14-154a is a statute which grants a cause of action to those persons claiming damage because of the operation of a car which is lawfully in the possession of an operator of a car pursuant to the terms of a contract of rental of that car, against the lessor of the car." (Emphasis added.) Finally, in Gionfriddo v. Avis Rent A Car System,192 Conn. 280, 287, 472 A.2d 306 (1984), the court stated that "[t]he legislature has determined that the owner or the lessor of a motor vehicle shall be liable to the same extent as the operator would have been liable if he had also been the owner." (Emphasis added.) (Internal citations omitted.)
Considering the purpose that the statute is intended to serve, as well as the recent case law which includes a lessor as a liable party pursuant to14-154a, Thrifty, as the lessor of the subject vehicle, is not entitled to judgment as a matter of law. Accordingly, Thrifty's motion for summary judgment is denied.
Mary R. Hennessey, Judge CT Page 11239