[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Joseph Pedevillano has alleged that he was injured as a result of the defendant Jose Bryon's negligent operation of a motor vehicle. He has further alleged that Bryon was operating a leased vehicle owned by the defendant Rental Car Resources, Inc.
This latter defendant has denied these claims or has pled insufficient knowledge in its answer and has filed two special defenses, the first alleging contributory negligence and the second alleging that the automobile in question "was not being operated by a party to the rental agreement nor a person authorized pursuant to the terms of the rental agreement."
The plaintiff has moved to strike this second special defense as legally insufficient, citing the plain language of Conn. Gen. Stat. Sec. 14-154a which reads:
 Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner.
The plaintiff asserts that all that must be alleged and proved in order to hold the rental car company as liable as the operator is that the operator was, in fact, driving the rental car. The defendant counters that mere operation of the rented vehicle is not enough and that it should be entitled to allege and prove that the driver was not in lawful possession of the vehicle, or at least was in wrongful possession of the car under the terms of the rental contract.
The plaintiff claims in his brief that unlawful possession is not an issue which would exempt the rental car company from liability under Conn. Gen. Stat. Sec. 14-154a. Although there is no case directly on point, our appellate courts, in construing other aspects of Conn. Gen. Stat. Sec. 14-154a have, in dicta, stated that lawful possession is a requirement to a finding of CT Page 9367 liability against the rental car company. For example, in Wallenta v. Avis Rent a Car System, Inc., 10 Conn. App. 201
(1987), the Appellate Court referred to the statute as one "which grants a cause of action to those persons claiming damage because of the operation of a car which is lawfully in the possession of an operator of a car pursuant to the terms of a contract of rental of that car, against the lessor of the car. Id., at 205. See also, Gionfriddo v. Avis Rent A Car System, Inc., 192 Conn. 280,284, 472 A.2d 306 (1984), and Connelly v. Deconinck, 113 Conn. 237,240, 155 A. 231 (1931).
In ruling on a motion to strike, the court is limited to those facts alleged in the pleading and must construe those facts most favorably to the pleader, in this case the defendant in pleading the special defense. Ivey, Barnum O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 528, 530, n. 2 (1983). Viewed in this light, the defendant is entitled to attempt to prove such facts as may convince a trier that it is not liable under the statute for the actions of the driver.
The Motion to Strike the Second Special Defense is denied.