[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DEFENDANT CAMRAC, INC.'S MOTION FORSUMMARY JUDGMENT
Cardwell, Cardwell Smoragiewicz for plaintiff.
Danaher, Tedford, Lagnese Neal for defendant.
This is a motion for summary judgment. The facts are not in dispute. The defendant Camrac, Inc. leased a car to Anthony Little under the terms of a written contract. That contract provided that Little was the only person authorized by Camrac, Inc. to operate the car. On July 3, 1992 Marvin Mapp was CT Page 7534 operating the rental car and, according to the plaintiff's complaint, his negligent operation caused injury to the plaintiff who was operating another motor vehicle. There is no indication that Mapp had stolen the car from the lessee Little or otherwise was operating the rental car without Little's permission. The plaintiff has sued Camrac, Inc. under the provisions of Section 14-154a of the General Statutes which provides that:
 Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner.
The defendant Camrac, Inc. argues that the statute does not permit the suit against it, because the statute does not apply to situations where the operator of the rental car was not specifically authorized to drive the vehicle by the terms of the written contract. Not surprisingly the plaintiff disagrees, but it seems clear that this matter raises a question of law that can be resolved by the court and that no material issue of fact exists to bar the resolution of the legal claim.
Reading the statute on its face it would certainly seem to apply to the defendant and permit an action such as this against the defendant rental car agency. If in fact the legislature meant to give this broad reading to § 14-154a, Camrac, Inc. couldn't protect itself from liability in a case such as this by creating contractual provisions violative of a state statute passed with such an ameliorative intent.
The only limitation on the broad application of the statute suggested by its language would perhaps be a constitutional one. That is, constitutional problems might be raised if the statute were read to permit an action against a rental car owner like Camrac, Inc. where the car was stolen from the person who had leased the car and a suit against Camrac was based on injuries caused by negligent operation of the car by the thief. Connelly v. Deconinck,113 Conn. 237, 240 (1931).
Making its argument without reference to legislative history the defendant nevertheless argues that our appellate courts have interpreted the statute so as to permit a rental car agency to protect itself from liability from claims based on the operation of the rental car where the car was not being operated by the specific CT Page 7535 person authorized to operate it in the rental agreement. The defendant refers to the following language in Gionfriddo v. AvisRent-A-Car, 192 Conn. 280, 284-285 which as that court notes has been repeated in many cases: The court says that in construing this statute
 We have consistently construed [it] . . . as imposing on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one in lawful possession of it pursuant to the terms of the contract of rental. Levy v. Daniels U Drive Auto Renting Co., 108 Conn. 333, 336 . . . Connolly v. Deconinck, 113 Conn. 237, 240 . . . Farm Bureau Mutual Automobile Ins. Co. v. Kohn Bros. Tobacco Co., 141 Conn. 539, 542 . . . Graham v. Wilkins, 145 Conn. 34, 37. (Emphasis added).
Also see Wallenta v. Avis Rent-A-Car Systems, Inc., 10 Conn. App. 201,205 (1987).
None of these cases dealt with the precise issue before the court so this language is dicta. What makes the thrust of this dicta difficult to understand is the linguistic gymnastics such a view of the statute would impose on a court trying to interpret its otherwise plain words when it is faced by an issue such as the one now before the court.
The logical implication of the defendant's argument and its interpretation of the Gionfriddo dicta comes down to this:
 (1) A rental car owner can be held liable for the negligent operation of its car by an operator it rented the car to under the statute.
 (2) Similarly the statute would impose liability on the rental car owner if the negligent operator wasn't the person who the car was rented to but the lessee had given the operator permission to drive the car.
but
 (3) The rental car owner can limit the liability envisaged in the last mentioned proposition (2) if the rental contract specifically authorizes only the person who rented the car to drive it. CT Page 7536
How such a construction can be foisted on this statute when no argument is made or suggestion exists in the case law that liability imposed on an owner for acts of an operator driving with the lessee's permission is unconstitutional escapes this court. In other words, if the statute can be read on its face as providing owner liability for an operator driving with the permission of the lessee but without the authorization of the lessor, how can the courts absent a constitutional problem limit the reach of an ameliorative statute by judicially legislating an amendment to it permitting the owner to cut back its reach through a private contract provision?
In any event this court agrees with the decision of Judge Rush in Valuk v. Mathews, et al., CV90-033705 S, Milford J.D. (January 3, 1994), that the Fisher v. Hodge, 162 Conn. 363, 368 (1972), holding on this issue, favorable to the defendant, is not dicta.Meshako v. Thompson, et al., 9 Conn. L. Rptr. 508, 510 (1993), disagrees. The Meshako court gives too narrow a reading to Fisher. In Fisher one question was whether the operator of the rented car who was the lessee's brother was in the latter's "immediate family" and thus fell within the meaning of that phrase in the rental agreement. The court held that he was. Meshako then goes on to note that "the Fisher court then went on, in obviousdicta, as follows `we find merit to the . . . claim of the plaintiff that the defendant Hertz Corporation is liable under the provisions of § 14-154a of the General Statutes regardless of the provisions of the rental contract restricting the use of the automobile to specified individuals.'" 162 Conn. at pp. 368-369. (Emphasis added.) (Quote from Meshako at pages 510-511.)
This language was not dicta however since in the quoteMeshako leaves out two critical words that began the above quote in Fisher. The Fisher court after interpreting the "immediate family" provision of the contract went on to say "In addition we find merit to the claim of the plaintiff that the defendant Hertz Corporation is liable under the provisions of § 14-154a of the General Statutes regardless of the provisions of the rental contract restricting the use of the automobile to specified individuals." (Emphasis added.) Fisher was clearly giving an alternative basis for its ruling equally as controlling as its first basis. In dicta of its own the Appellate Court cited Fisher as standing for the proposition that "A lessor of a motor vehicle has been held liable for injuries caused by the operation of the vehicle by the brother of the lessee even if the lease agreement expressly excluded such liability." Hughes v. National Car Rental Systems, Inc., 22 Conn. App. 586, CT Page 7537 589 (1990).
People who worry about these kinds of things for a living don't regard this language in Fisher as dicta, see "Car Rental Regulation," 60 ALR 4th 784, 853, Section 52(c).
In any event the reasoning of Fisher on this point is persuasive. That court, in holding the rental car owner liable for a claim in damages despite contract language limiting operation of the car to specified drivers said, "When the language used in a statute is clear and unambiguous, its meaning is not subject to modification by construction. . . . The statute must be applied as its words direct." 162 Conn. at page 370. The defendant rental corporation here as in Fisher "may not escape liability as a third party through the use of limiting clauses in the rental contract." Id. at page 369. Pretty strong language for dicta. The court will deny the motion for summary judgment. It may make policy sense to permit the limitation of liability sought by inclusion of these contract provisions in car rental agreements but the broad language of § 14-154a won't permit judicial tinkering to affect a change in our statutes that should be considered by the legislature.
CORRADINO, JUDGE