[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Joseph Simeone Architects, filed a single-count complaint on July 14, 1998 against the defendant, Beverly Enterprises-Connecticut, Inc., with a return date of July 21, 1998. The complaint alleges that the defendant submitted architectural plans to the State of Connecticut for use in the State of Connecticut, and that the defendant "represented on said drawings that same were prepared by the plaintiff when, in fact, same was not true." The plaintiff alleges that the defendant's actions "constitute a fraud on the parties for whom said drawings were prepared and perpetrated a fraud upon the plaintiff causing the plaintiff to be exposed to monetary loss and damage and loss and damage to its reputation." The complaint does not address the corporate status of the defendant. The sheriff's return indicates that a copy of the writ, summons and complaint were left with "Pam Fitzgerald, Assistant Secretary, person-in-charge of the office of Corporation Service Company, agent for service for the within named defendant."
An appearance was filed on behalf of the defendant on July CT Page 1420 10, 1998. On August 10, 1998, the defendant filed a motion to dismiss for lack of personal jurisdiction and for improper venue, along with a supporting memorandum of law. The plaintiff filed a motion to transfer (#105) on August 24, 1998, which was granted by the court (Flynn, J.) on September 9, 1998, rendering the venue issue moot. The plaintiff did not file a memorandum of law in opposition to the defendant's motion to dismiss.
The plaintiff filed a motion for leave of court to amend the complaint (#104) on August 24, 1998, more than thirty days after the return date of July 21, 1998. The amended complaint adds allegations that the defendant is a corporation "doing business" in Connecticut and that it has appointed an agent for service of process, namely Corporation Service Company. On August 25, 1998, the defendant filed an objection to the plaintiff's motion to transfer and motion for leave to amend.
"The motion to dismiss shall be used to assert . . . (2) lack of jurisdiction over the person. . . ." Practice Book §10-31, formerly § 143.
In support of its motion to dismiss, the defendant argues that there are no allegations in the complaint that the defendant is either a Connecticut corporation or a foreign corporation licensed to do business in Connecticut, nor are there allegations that would support the exercise of personal jurisdiction pursuant to Connecticut's long-arm statute, specifically General Statutes § 33-929(e).[1]
"When a defendant files a motion to dismiss challenging the court's jurisdiction, a two-part inquiry is required. The trial court must first decide whether the applicable state long-arm statute authorizes jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process." (Brackets in original; internal quotation marks omitted.) Knipple v. Viking Communications, Ltd., 236 Conn. 602,606, 674 A.2d 426 (1996). With respect to the first prong of this inquiry, the Appellate Court has held that a corporation which has appointed an agent for service of process in compliance with General Statutes § 33-929(a),[2] formerly § 33-411(a), acknowledges that it it conditioning business in the state and "has in fact consented to the exercise of jurisdiction by the courts of the state." Wallenta v. Avis Rent A Car System, Inc., CT Page 142110 Conn. App. 201, 207, 522 A.2d 820 (1987).
In establishing which party has the burden of proof with respect to the issue of personal jurisdiction, the Supreme Court has drawn a distinction based on the method of service of process employed. "The general rule putting the burden of proof on the defendant as to jurisdictional issues raised is based on the presumption of the truth of the matters stated in the officer's return. When jurisdiction is based on personal or abode service, the matters stated in the return, if true, confer jurisdiction. When jurisdiction is based on constructive service, jurisdiction cannot arise solely from the acts recited in the return. There should be no presumption of the truth of the plaintiff's allegations of the additional facts necessary to confer jurisdiction." (Internal quotation marks omitted.) StandardTallow Corp. v. Jowdy, 190 Conn. 48, 53, 459 A.2d 503 (1983). Thus, "the burden of proof is on the plaintiff to prove jurisdiction over the person when constructive service is used." Id., 54.
In the present action, service of process appears to have been effectuated constructively. Accordingly, the plaintiff bears the burden of proving jurisdiction over the person. The plaintiff's complaint contains no allegations that the defendant is licensed to do business in Connecticut. Pursuant to Standard Tallow, moreover, the sheriff's return, which indicates that the writ, summons and complaint were left with an agent for service of process for the defendant, is not enough in itself to meet the first prong of the personal jurisdiction inquiry. Accordingly, there remains a question of fact as to whether the defendant, as the plaintiff alleges, is authorized to do business in Connecticut.[3]
The Supreme Court, in Knipple v. Viking Communications, Ltd., supra, has observed that "[w]here the facts necessary to determine jurisdiction are disputed, due process requires that a trial-like hearing be held, [at the request of either party] in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." (Brackets in original; internal quotation marks omitted.) Knipple v. Viking Communications, Ltd., supra, 236 Conn. 608 n. 10. The court concluded that where neither party requests an evidentiary hearing, the trial court should accept "all undisputed factual allegations for the purpose of determining whether the [plaintiff has] sustained [its] burden of proving that the court has personal jurisdiction. . . ." Id., CT Page 1422 608-09. In the present action, the complaint does not contain any allegations that the defendant is licensed to do business in Connecticut.[4] The complaint, moreover, contains no allegations that would allow the court to assert personal jurisdiction over the defendant under General Statutes §33-929(e). The plaintiff has not met its burden of proving jurisdiction over the person. Accordingly, the defendant's motion to dismiss is granted.
___________________________ Howard F. Zoarski Judge Trial Referee