[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
On January 11, 1997, the plaintiff, Anna Wender, was leaving the Mohegan Sun Casino in Uncasville, CT, when she was caused to slip and fall on an accumulation of ice and snow in the parking lot of the Mohegan Sun. The plaintiff has resided at 250 Ocean Parkway, Apt. 6A, Brooklyn, New York, at all relevant times herein.
The defendant, Sun International Hotels Limited (hereinafter "Sun International"), is an agent and/or partner of the Mohegan Tribal Gaming Authority. The plaintiff alleges that Sun International had a duty to keep and maintain the sidewalks and parking lots within the area of the Mohegan Sun in a reasonably safe condition on the aforementioned date.
On January 8, 1999, the plaintiff filed an eight count complaint against Trading Cove Associates, Sun International Hotels Limited, Sun Cove Limited and Allied Snow Plowing Removal Sanding Services.
On February 26, 1999, Sun International filed a motion to dismiss for lack of in personam jurisdiction. Sun International also filed a memorandum of law in support.
On March 16, 1999, the plaintiff filed an objection to the motion accompanied by a supporting memorandum of law.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, CT Page 6720590 A.2d 914 (1991).
Sun International argues that it is not incorporated in Connecticut and neither transacts business in the State of Connecticut nor maintains an office or place of business in Connecticut. Moreover, Sun International argues that it does not have a certificate of authority from the Secretary of the State to do business in Connecticut, and it has not appointed the Secretary of the State as its agent for service, and therefore, service of process upon the Secretary of the State is insufficient to confer jurisdiction of the court over Sun International.
In opposition, the plaintiff argues that Sun International was authorized to do business in the State of Connecticut at the time of the subject accident and that it appointed the Secretary of the State as agent to accept service in any proceeding based on a cause of action arising during the time it was authorized to transact business in Connecticut.
The long arm statute in Connecticut as it pertains to foreign corporations is set forth in General Statutes § 33-929. In order to determine whether Connecticut has authorized the assertion of personal jurisdiction over Sun International, we must examine the statutory framework of 33-929.
Subsection (f) expressly provides that only residents of Connecticut may invoke that subsection. General Statutes § 33-929(f). See also 1 E. Stephensen, Connecticut Civil Procedure (2d Ed.) 30, p. 118 (jurisdiction can be invoked only by a resident or person having a usual place of business in the state); Hill v.W.R. Grace Co., 42 Conn. Sup. 25, 28, 598 A.2d 1107 (1991).
Here, the plaintiff is a resident of New York, not Connecticut. Moreover, there is no allegation that the plaintiff maintains a usual place of business in Connecticut. Accordingly,33-929(f) is inapplicable and only 33-929(e) will be examined.
Subsection (e) relates to foreign corporations which transact business in Connecticut in violation of 33-920 and makes them subject to suit in Connecticut upon any cause of action arising out of such business. General Statutes § 33-929(e).
General Statutes § 33-920 provides in relevant part that "[a] foreign corporation, other than an insurance, surety or indemnity CT Page 6721 company, may not transact business in this state until it obtains a certificate of authority from the Secretary of the State. General Statutes § 33-920.
The plaintiff argues that Sun International had obtained an authorization to transact business in Connecticut prior to the time of the plaintiff's injury by obtaining a certificate of authority from the Secretary of the State on December 7, 1995. (Plaintiff's Objection to Defendant's Motion to Dismiss, p. 2).
Since the plaintiff argues that the defendant had procured a certificate of authority at the time in question, there is no allegation that Sun International was transacting business in Connecticut in violation of General Statutes § 33-920. Therefore, General Statutes § 33-929(e) does not apply. See Wallenta v. AvisRent A Car System, Inc., 10 Conn. App. 201, 205, 522 A.2d 820
(1987).
However, it should be noted that a corporation which complies with the requisites of General Statutes § [33-920] by obtaining a certificate of authority has, in fact, consented to the exercise of jurisdiction by the courts of this state. Such a corporation has purposely avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. See Wallenta v. Avis Rent A Car System,Inc., supra, 10 Conn. App. 205, citing Hanson v. Denckla,357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed. 1283 (1958).
Nevertheless, the issue of whether the defendant had obtained a certificate of authority to do business in the State of Connecticut prior to the time of the subject accident is a question of fact. The plaintiff has provided no documentary evidence to substantiate this assertion.
"When a motion to dismiss for lack of personal jurisdiction raises a factual question which is not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which will establish jurisdiction." Standard TallowCorporation v. Jowdy, 190 Conn. 48, 54, 459 A.2d 503 (1983).
Since the plaintiff has failed to meet her burden of proof as to the issue of certification, the motion to dismiss is hereby granted.
Martin, J. CT Page 6722