## THE RICHARDSON COMPANY *v.* ROTUBA EXTRUDERS, INC.

| SUPERIOR COURT | JUDICIAL DISTRICT OF NEW HAVEN | FILE NO. 1597191 |

Memorandum filed February 8, 1980

*Berdon, Young & Einhorn,* for the plaintiff.

*Schwartz & Knight,* for the defendant.

DUPONT, J. The plaintiff, an Ohio corporation doing business in Connecticut, instituted suit against the defendant, a New York corporation with offices in New Jersey, claiming payment for goods sold. Orders for the goods were placed by the defendant by telephone calls to the plaintiff's offices in Connecticut over a period of approximately three weeks.

Affidavits of the parties indicate that the goods were manufactured in Connecticut, that the defend-

ant has had other business contacts with Connecticut, that invoices to the defendant were labeled "F.O.B. point of origin," and that the plaintiff sent confirmation of the orders by mail to the defendant.

The defendant seeks to dismiss on the grounds that the Connecticut courts have no personal jurisdiction over it and that Connecticut is not a convenient forum in which to try the case. The latter basis for dismissal may be disposed of summarily. The defendant has cited no Connecticut case which espouses the doctrine of forum non conveniens, which is a discretionary doctrine. On the facts of this case, no good cause exists to invoke discretion to order dismissal.

Connecticut's long-arm statute provides for suits against foreign corporations and grants jurisdiction to its courts if a contract involved was either made in this state or was to be performed in this state. General Statutes § 33-411 (c) (1).

In view of the criteria established in *Electric Regulator Corporation* v. *Sterling Extruder Corporation,* 280 F. Sup. 550 (D. Conn), the contract here involved was made in Connecticut. Since the risk of loss shifted while the goods were in Connecticut under the facts of the present case, the defendant must have contemplated the protection and application of Connecticut law. Under those circumstances, there is sufficient basis for a constitutional exercise of jurisdiction over the defendant.

The defendant claims that two recent United States Supreme Court cases have changed the law of *Electric Regulator Corporation* v. *Sterling Extruder Corporation,* supra. A reading of those cases, however, does not substantiate that claim. The two cases hold, on the basis of their particular fact situations, that contacts sufficient for jurisdic-

tion were lacking. The first decision is *Kulko* v. *Superior Court,* 436 U.S. 84, which was a child custody case in which the father's only contact with the forum state was in allowing his children to live there with their mother. The court explained (pp. 96, 97): "The circumstances in this case clearly render 'unreasonable' California's assertion of personal jurisdiction. There is no claim that the appellant has visited physical injury on either property or persons within the State of California. . . . The cause of action herein asserted arises, not from the defendant's commercial transactions in interstate commerce, but rather from his personal, domestic relations. It thus cannot be said that appellant has sought a commercial benefit from solicitation of business from a resident of California that could reasonably render him liable to suit in state court . . . ." Obviously, the court distinguishes a child custody dispute from one involving a commercial transaction. A recent law review article discusses the case in detail. Note, "The Long-Arm Reach of the Courts Under the Effect Test After *Kulko* v. *Superior Court,*" 65 Va. L. Rev. 175. It states (p. 185): "Instead, to satisfy the due process standard, not only must the defendant have been able to foresee that his actions might affect the forum, but also these actions must have been such that he should have foreseen that their effect would make him amenable to suit in the forum. When analyzing the nature of the defendant's conduct to determine whether he should be able to anticipate his future amenability to suit in a forum, *Kulko* suggests that the court should consider a number of factors. Among the more important would appear to be the motive behind the party's conduct, the degree to which it involves extensive activity in several forums, the risk of harm it presents to others, and its degree of wrongfulness. First, if the defendant's conduct primarily is motivated by the desire to

benefit himself financially, he should be able to foresee the forum's assertion of jurisdiction in litigation arising from this conduct, whether the situation is one in which the defendant has caused economic injury or actual physical harm to the plaintiff."

The second case on which the defendant relies is *World-Wide Volkswagen Corporation* v. *Woodson*, 444 U.S. 286. The factual backdrop of the case was that some New York residents bought a car in New York and, while traveling to Arizona, had an accident in Oklahoma. The court decided that Oklahoma lacked a sufficient nexus to become the forum for a suit against the New York seller of the car. The court's reasoning may be summarized by the following quote (p. 295) from its decision: "[W]e find in the record before us a total absence of those affiliating circumstances that are a necessary predicate to any exercise of state-court jurisdiction. Petitioners carry on no activity whatsoever in Oklahoma. They close no sales and perform no services there. They avail themselves of none of the privileges and benefits of Oklahoma law. They solicit no business there either through salespersons or through advertising reasonably calculated to reach the State. Nor does the record show that they regularly sell cars at wholesale or retail to Oklahoma customers or residents or that they indirectly, through others, serve or seek to serve the Oklahoma market. In short, respondents seek to base jurisdiction on one, isolated occurrence and whatever inferences can be drawn therefrom: the fortuitous circumstance that a single Audi automobile, sold in New York to New York residents, happened to suffer an accident while passing through Oklahoma. . . . But the foreseeability that is critical to due process analysis is not the mere likelihood that the product will find its way into the forum State. Rather, it is that the

defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there."

In the present case, the defendant's conduct was such that it could reasonably have anticipated suit in Connecticut should a dispute arise between it and the plaintiff.

The motion to dismiss is, therefore, denied.